In the Matter of Gary BROCK and Marlyce Brock, Debtors.

ASSOCIATES COMMERCIAL CORPORATION, Plaintiff,

Paccar Financial Corporation, Plaintiff,

v.

Gary BROCK and Marlyce Brock, Defendants.

Bankruptcy No. 80 B 00124.
Adv. Nos. 80 A 0031, 80 A 009.

United States Bankruptcy Court, N. D. Illinois, W. D.

Sept. 4, 1980.

Samuel L. Dean, Jr., Rockford, Ill., for debtors, Gary & Marlyce Brock.

Kenneth G. Ogie, Wauwatosa, Wis., for plaintiff, Associates Commercial Corp.

Kenneth F. Ritz, Rockford, Ill., for Paccar Financial Corp.

## MEMORANDUM OPINION

RICHARD N. DeGUNTHER, Bankruptcy Judge.

The Debtors, Gary Brock and Marlyce Brock, filed their Petition under Chapter 13 on February 5, 1980. The Plan was confirmed on March 10, 1980. To date the Debtors have paid $7200 into the Plan and creditors who filed claims have been receiving monthly payments since April, 1980, from the Chapter 13 Trustee, James Kohlhorst.

On March 10, 1980, Associates Commercial Corporation filed its Complaint for Relief from Stay and Reclamation of Property. On June 6, 1980, Paccar Financial Corporation filed its Complaint for Relief from Stay and/or other Relief. Both Adversary Proceedings are now before the Court for decision. Associates seeks to have the automatic stay vacated so that it may reclaim a 1978 Utility Trailer and Thermo–king Refrigeration Unit. Paccar seeks to have the automatic stay vacated so that it may reclaim a 1978 Kenworth Truck Tractor. In other words, Associates wants the back and Paccar wants the front of the refrigerated semi–truck owned and operated by Brock. Associates and Paccar are provided for in the Confirmed Plan. This Memorandum Opinion consolidates the two cases. Separate orders will be entered in each case.

A threshold question is whether the concept of "Adequate Protection" found in Section 361 applies to Chapter 13 proceedings. Section 362(d), which mandates relief from the stay if adequate protection is lacking, mysteriously employs the term "reorganization", suggesting Congress had in mind a Chapter 11 proceeding only. It is true that under the Code a businessman is eligible for Chapter 13, but it is inappropriate

and misleading to label a Chapter 13 "Adjustment of Debts of an Individual with Regular Income" with the same word that constitutes the title of Chapter 11 of the Code: "Reorganization". Moreover, under Section 361(1) adequate protection may be provided by periodic cash payments from the trustee to the creditor. The very nature of a Chapter 13 proceeding satisfies this method of providing adequate protection if there is a fair relationship between the depreciation in the value of the property and the periodical payments to the creditor.

■ Did Congress, then, intend that the protection given to a secured creditor in a Chapter 13 proceeding be limited to Section 1325? Apparently not, for there is no specific exclusion of Sections 361 and 362 from Chapter 13 proceedings, and the general rule is that Chapter 3 of the Code applies to Chapter 13 proceedings. The Court concludes, therefore, that Sections 361 and 362 apply to Chapter 13 proceedings.

Nevertheless, Section 361 is generally associated with Chapter 11 proceedings. Perhaps this is due to the fact that in a Chapter 11, unlike a Chapter 13, there are no prompt periodic payments by a Standing Trustee, and confirmation may be delayed for several months.

The applicability of Section 361 to Chapter 13 proceedings, however, is limited to the time between filing the Voluntary Petition and Confirmation of the Plan by Section 1327, which provides as follows:

Effect of Confirmation.

(a) The provisions of a confirmed plan bind the debtor and each creditor, whether or not the claim of such creditor is provided for by the plan, and whether or not such creditor has objected to, has accepted, or has rejected the plan.

(b) Except as otherwise provided in the plan or the order confirming the plan, the confirmation of a plan vests all of the property of the estate in the debtor.

(c) Except as otherwise provided in the plan or in the order confirming the plan, the property vesting in the debtor under subsection (b) of this section is free and clear of any claim or interest of any creditor provided for by the plan.

■ The Section 362 stay is not necessarily permanent. Subsection (c) specifies the duration of the stay. Sub-paragraph (1) thereof terminates the stay of an act against property of the estate when the property ceases to be the property of the estate, such as by sale or abandonment. It does not terminate the stay, however, if the property leaves the estate and vests in the debtor under Section 1327(b). At that moment Section 1327(c) comes into play and provides that the property vesting in the debtor under subsection (b) is free and clear of any claim or interest of any creditor provided for in the plan. Thus, termination of the stay of acts against property will enable creditors to foreclose on their collateral only if they hold secured claims that are not provided for by the Plan.

The Court concludes that Section 361 is available to a creditor provided for by the plan only between the time of filing and confirmation in a Chapter 13 proceeding. Most Chapter 13 plans are confirmed within a month or two after filing, therefore Section 361 is of little use to a secured creditor unless an unusual delay prior to confirmation is anticipated.

■ But even if adequate protection were required in this case, the evidence strongly suggests it exists. The value of the trailer is roughly equivalent to the payoff balance due to Associates. The value of the tractor is roughly equivalent to the payoff balance due to Paccar. Periodic payments by the Trustee on claims filed by Associates and Paccar are roughly equivalent to the anticipated depreciation of the property, though somewhat less than the monthly payments called for in the loan contracts.

Moreover, all of this labored interpretation of statutory law and analysis of evidence must be placed in its proper perspective against the background of the parties involved. The Court has listened to the testimony of witnesses and observed their demeanor. The Court is impressed with the

apparent sincerity and determination of the Debtors to complete their Chapter 13 Plan. Brock knows trucks. He performs much of the maintenance himself. The condition of the tractor and trailer, even by the testimony of Paccar's own witnesses, is excellent. Both Associates and Paccar are sophisticated lenders who know the risks in a transaction such as the one they entered into with Brock. In the event of straight bankruptcy, if a trustee abandoned the property Associates and Paccar could reclaim it, but recover no deficiency judgment. Here, in Chapter 13, they will be paid in full with interest if the Plan continues without default.

■ Congress was wise to provide in Section 1327 that after confirmation the property vests in the debtor free and clear of any claim or interest of any creditor provided for in the Plan. A debtor may carry out his duties under a Confirmed Plan without fear of having a creditor pull out from under him the very equipment needed to accomplish the Plan. Section 1327, therefore, virtually renders a secured creditor provided for in a Confirmed Plan impotent. It would appear that such a creditor's remedies are limited to a motion to convert or dismiss in the event the debtor defaults in the payments required to be made to the trustee.

The Court concludes that the Complaints of Associates and Paccar should be dismissed. The Court further finds that the Order should provide that the filed claims of Associates and Paccar be treated as 100% secured and that the Chapter 13 Trustee be ordered to notify this Court and counsel for Associates and Paccar in the event of a default by the Debtors within 5 days after such default.

An Order in each case consistent with this Memorandum Opinion is filed herewith.