**In re Edilberto Colón MARRERO, Debtor.**

**GULF PETROLEUM, S. A., Plaintiff,**

v.

**Edilberto Colón MARRERO, Defendant.**

**Bankruptcy No. B-79-00370(B). Adv. 80-0079.**

United States Bankruptcy Court, D. Puerto Rico.

Nov. 17, 1980.

Emilio Peña Fonseca, Edwin González Torres, San Juan, P. R., Attorneys for Gulf Petroleum, S.A.

Charles A. Cuprill-Hernández, Ponce, P. R., Attorney for Edilberto Colón Marrero.

## ORDER

W. H. BECKERLEG, Bankruptcy Judge.

On July 24, 1980, we entered an order directing debtor to inform the court whether he will assume or reject a lease by Aug. 31, 1980; debtor did not so inform the court but on August 11, 1980 moved for reconsideration. Said motion was notified for Sept. 10, 1980, and continued until October 1, 1980.[1]

Debtor has moved for a further continuance; this further continuance was not and is not granted; as debtor was not at court today on the hearing of its motion for reconsideration (apparently in reliance that its motion for continuance would be granted), we heard the matter in debtor's absence.

The factual situation is simple. Debtor leased a gas station from Gulf Petroleum, S.A. ("Gulf") in 1977 which he operated as Jacaguas Gulf Station until June 1978. Statement of Affairs Q.2(e). On November 1, 1979, debtor filed proceedings under Chapter 13. During the Chapter 13 proceedings, debtor requested and this Court issued an order directing Gulf to show cause why it should not be held in contempt for proceeding subsequent to the filing of the Chapter 13 case to terminate debtor's lease and to initiate collection proceedings against debtor. Gulf has not been listed by debtor as a creditor nor did debtor list the lease with Gulf as an asset.

At the contempt hearing, it appeared that negotiations were in process whereby debtor would or had assigned his interest in the station to one Raúl López and the parties were discussing the acceptance by Gulf

---

1. By chance, both parties were present in Court on October 2, 1980 and we heard them on that date with their consent on the motion in question. Their arguments have been considered herein.

of López as the new tenant. While we do not find it as a fact, there are at least, representations that Raúl López had taken possession of the station and was operating it at the time these proceedings were filed. We did not find contempt on the part of Gulf, leaving the parties free to continue their discussions. Mr. López was killed shortly thereafter, thus the negotiations were aborted, the station has ceased to operate, and its operation is not a factor in the debtor's confirmed plan nor in his rehabilitation under Chapter 13.

Gulf has also filed these adversary proceedings on May 20, 1980 for an order directing debtor to vacate the premises of the station. Debtor, as defendant, moved to dismiss the suit for lack of jurisdiction on the ground that neither debtor's plan nor the order of confirmation provided for the retention of jurisdiction. This motion we granted without hearing on June 28, 1980.

On June 23, 1980, Gulf moved for a continuance of the pretrial conference set for the same date and for a discovery timetable; this we denied on June 28 on the ground that the case had been confirmed and the adversary proceedings dismissed.

Gulf then moved on July 7 for an extension of time to oppose debtor/defendant's motion to dismiss, and this motion we granted on July 9, 1980, apparently not noting our earlier actions set forth above.

Finally, the debtor/defendant moved to reconsider our order of August 31, 1980 (the order which directed him to inform the court whether he would assume or reject the Gulf lease), and to this motion Gulf filed opposition. This is the motion and opposition notified and set for today, and the continuance of which we deny.

A great deal of counsels' time has been spent on this case, and unnecessarily so due to this court's failure to act with sufficient prior study of the file; we apologize to counsel for this additional work we have caused them. The unfortunate situation of this case requires us to act now, and for this reason we have carefully reviewed the prior actions taken by this court and the files of the case.

■ In a Chapter 13 case, such as the present, we do not lose jurisdiction upon confirmation; we maintain jurisdiction for many items including granting of the discharge, jurisdiction over the future earnings of debtor, jurisdiction to consider modification or revocation of the plan, the stay of actions, and even jurisdiction to consider post petition claims. Under Sec. 1302(b), the Chapter 13 trustee, for example, is required to assist the debtor in his performance under the plan which includes investigative and reporting duties as well as financial counselling. Thus, the Chapter 13 procedure contemplates the continued intervention of the court in the debtor's affairs, at least until the plan have been complied with and a discharge granted.

Executory contracts and unexpired leases, such as we have here are the subject of Sec. 365. This section provides in part

"(d)(2) In a case under Chapter 9, 11, or 13 of this title, the trustee may assume or reject an executory contract or unexpired lease at any time before the confirmation of a plan, but the court, on request of any party to such contract or lease, may order the trustee to determine within a specified period of time whether to assume or reject such contract or lease."

The section, however, does not apply directly to our problem for no one in the present case acted prior to the order of confirmation to request the assumption or rejection of the contract.

■ The power to assume or reject clearly exists until confirmation under 365(d)(2) by the terms of the statute, but assumption or rejection of the contract can only be effected through an express order of the court. *Mohonk Realty Corp. v. Wise Shoe Stores, Inc.*, (CCA–2, 1940) 111 F.2d 287, cert. den. 311 U.S. 654, 61 S.Ct. 47, 85 L.Ed. 418. And as long as rejection is not ordered, the contract continues in existence. *Consolidated Gas, Electric Light & Power Co. v. United Railways and Electric Co.*, (CCA–4, 1936) 85 F.2d 799, cert. den. 300 U.S. 663, 57 S.Ct. 493, 81 L.Ed. 871.

Although we continue to have jurisdiction over the debtor following confirmation in a Chapter 13 case, it is at least arguable that the jurisdiction to assume or reject an executory contract or an unexpired lease terminates with confirmation; but even if this argument is without merit, the question remains of whether the court having jurisdiction *should* exercise it. The circumstances of this particular case indicate we should not.

Once a Chapter 13 case has been confirmed, it appears to us that the exercise of our pervasive jurisdiction should be utilized sparingly; and for those matters directly related to debtor's confirmed plan and the rights and obligations created or affected by the plan. In the present case, this lease contract has no import in debtor's plan nor in his rehabilitation. There is no indication that debtor has operated the station of recent nor any that he intends to or needs to do so in the future. It appears to us that debtor is but casually, peripherally, concerned with this lease. The true party concerned would appear to be Raúl López, (or, since his death, his heirs) a party not before this Court.[2]

For the reasons set forth above, we hereby grant Gulf Petroleum, S.A., relief from the automatic stay of Sec. 362 thus authorizing them, at their option, to initiate such action or actions in the courts of the Commonwealth of Puerto Rico for a determination of the lease including an action or actions in which the debtor may be a party; and so that the matters may not appear to be prejudged by this Court, for the record we deny the motion for reconsideration filed by the debtor, defendant herein.

---

**2.** A suggestion has been made that debtor may be able to sell his "rights" to the station. This would require Gulf's approval, and those

"rights" do not justify further delay by the court in disposing of this matter.