In re Don Cornell STEWART, Katherine Stewart, Debtors.

PHILADELPHIA SAVING FUND SOCIETY, Plaintiff,

v.

Don Cornell STEWART, Katherine Stewart, Defendants.

Bankruptcy No. 79–01969G.
Adv. No. 80–0634G.

United States Bankruptcy Court,
E. D. Pennsylvania.

Jan. 7, 1981.

Rush T. Haines, II and Melvin C. Breaux, Drinker, Biddle & Reath, Philadelphia, Pa., for plaintiff, Philadelphia Saving Fund Society.

Jack K. Miller, Philadelphia, Pa., for debtors, Don Cornell Stewart and Katherine Stewart.

Margaret Graham, Philadelphia, Pa., trustee.

## OPINION

EMIL F. GOLDHABER, Bankruptcy Judge:

The issue before us is whether we should modify the automatic stay to permit the secured creditor to foreclose on its mortgage. We conclude that the automatic stay should be modified because the secured creditor's interest is not adequately protected.

The facts of the instant case are as follows:[1] On February 3, 1978, Don Cornell Stewart and Katherine Stewart ("the debtors") entered into a mortgage agreement with the Philadelphia Saving Fund Society ("PSFS") by which they became indebted to PSFS on a note in the principal sum of $14,200. The mortgage was properly recorded on February 10, 1978. From that time until October of 1979, the debtors had

---

1. This opinion constitutes the findings of fact and conclusions of law required by Rule 752 of the Rules of Bankruptcy Procedure.

an extremely poor payment record on the mortgage and on October 22, 1979, the debtors filed a joint petition for relief under Chapter 13 of the Bankruptcy Code ("the Code"). On October 24, 1979, we ordered the debtors to immediately commence payments to the trustee under their proposed plan and on November 19, 1979, we entered an order directing the employer of the husband-debtor to begin deducting money ($69.23 per week according to the terms of the plan) from the husband-debtor's weekly paycheck and to remit that money to the Chapter 13 standing trustee ("the trustee"). It appears that the employer did not begin deducting money from the husband-debtor's paycheck until the first week of January, 1980.

On April 24, 1980, we confirmed the debtor's plan. From the beginning of January, 1980, until the end of July, 1980, the husband-debtor's employer weekly deducted $69.23 from the husband-debtor's paycheck and remitted that sum to the trustee. At the end of July, however, the husband-debtor was laid off from work by the employer and remained unemployed until November, 1980. At that time the husband-debtor obtained a new job and on November 17, 1980, we entered an order directing the new employer to begin deducting $69.23 from the husband-debtor's paycheck and to remit that sum to the trustee. To date, it appears that the new employer has not yet begun to do so. In consequence, since the end of July, the debtors have not been making any payments to the trustee.

PSFS has now filed a complaint for relief from the automatic stay requesting that we modify the stay to permit it to proceed to foreclose against the debtors' residence. Section 362(d) of the Code governs relief from the stay and provides:

(d) On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such

as by terminating, annulling, modifying, or conditioning such stay—

(1) for cause, including the lack of adequate protection of an interest in property of such party in interest; or

(2) with respect to a stay of an act against property, if—

(A) the debtor does not have an equity in such property; and

(B) such property is not necessary to an effective reorganization.

11 U.S.C. § 362(d).

The first contention of PSFS is that its interest in the debtors' residence is not adequately protected. The parties have stipulated that the fair market value of the residence is $15,000 while the total amount due PSFS on the mortgage as of the date of the hearing on this complaint was $16,878.49. Therefore, it is clear that there is no equity cushion in the property which can provide adequate protection to PSFS.

However, the debtors argue that PSFS is adequately protected because, by the terms of the debtors' plan, PSFS is to be paid each month both the current mortgage payment and an amount on account of the arrearages which have accumulated.[2] PSFS argues that it is not adequately protected by the terms of the debtors' plan for several reasons. Firstly, PSFS points to their treatment under the plan to date asserting that, although the debtors' petition was filed in October, 1979, and we ordered the debtors to begin making payments under the plan at that time, PSFS itself did not receive a single payment until October of 1980, after it had filed its complaint for relief from the stay. The debtors do not refute this but contend that the delay was not their fault but rather the fault of "the system."[3] We agree with the debtors that there has been a tremendous increase in the number of cases filed in this district since the Code went into effect resulting in an enormous backlog and delay in the administration of each case. While we agree with PSFS that

---

2. Section 361 of the Code provides that adequate protection under Section 362(d)(1) may be provided by the trustee making periodic payments to the creditor.

3. The delays attendant upon the administration of the Chapter 13 cases by the court and the standing trustee.

this delay is frustrating and often harmful to the interests of creditors, we do not believe that we should penalize an honest and willing debtor, who has done all that is required of him under the Code, for delays which were not caused by him.

■ However, that does not apply to the instant case. In this case at least part of the delay is due to the husband-debtor's loss of his employment. While we can certainly sympathize with the debtor in the loss of his job, the Code contains no provision which would excuse a debtor from continuing to make payments under the plan while he is unemployed. Furthermore, it appears that, while the husband-debtor has been reemployed for the past two months, payments to the trustee have not been resumed. The debtors argue that this delay is due to the tardiness of the new employer in having the payments deducted from the husband-debtor's paycheck. However, there was nothing to prevent the debtors from deducting the requisite amount themselves in the interim and remitting it to the trustee.

PSFS further contends that, because of all of the delays, there is now due in arrearages $4,067.98 and that, under the terms of the debtors' plan. This amount cannot be paid in full by the plan. In support thereof, PSFS notes that the plan proposes to pay $300 per month to the trustee of which $30 will go to the trustee for commissions and expenses and $168.76 will go to PSFS for the current mortgage payment, leaving only $101.24 to go towards the arrearages. At that rate it would take at least 3 years and 4 months from now (assuming the debtors immediately begin making payments to the trustee) to repay all of the arrearages due PSFS.

■ The debtors, in their proposed findings of fact, ask us to find that their plan proposes to repay all of the arrearages to PSFS within the 2 year life of the plan. This we cannot do based on the figures

given by PSFS which have not been disputed by the debtors. Thus, we must conclude that PSFS's interest in the debtor's residence is not adequately protected because there is no equity in the property and because the debtors' plan cannot provide full repayment of the arrearages within a reasonable time.[4] We will, therefore, grant PSFS's request for relief from the stay pursuant to Section 362(d)(1).

The debtors, however, have made one final argument (in a letter received by us on December 30, 1980). That argument is that in a case under Chapter 13 of the Code a complaint for relief from the stay may not be filed after confirmation of the plan. In support thereof the debtors cite *In re Brock*, 6 B.R. 105 (Bkrtcy.N.D.Ill.1980) in which the bankruptcy court so held because of the interrelationship between sections 362(c)(1) and 1327(b) and (c) of the Code. Section 362(c)(1) provides that the automatic stay terminates as to specific property when that property ceases to be property of the estate. 11 U.S.C. § 362(c)(1). Section 1327(b) provides that, once a plan is confirmed, all of the property of the estate vests in the debtor. *Id.* at § 1327(b). Section 1327(c) further provides that the property vesting in the debtor pursuant to section 1327(b) vests free and clear of any claim or interest of any creditor provided for by the plan. The bankruptcy court in *Brock* concluded that termination of the stay would allow a creditor to proceed against the debtor's property only if the creditor still had a security interest therein and that, after confirmation, a creditor who was provided for by the plan has no interest in the debtor's property.

■ Without commenting on the rationale of the bankruptcy court in *Brock* (which appears to infer that the phrase "claim or interest" contained in § 1327(c) includes "lien"), we conclude that *Brock* is inapplicable to the instant case. Section 1327(c)

4. Section 1322(b)(5) of the Code states that a Chapter 13 plan may provide for the curing of a default on a long-term debt such as a mortgage within a reasonable time. 11 U.S.C. § 1322(b)(5). Other than that, a Chapter 13

plan may not modify the rights of the holder of a claim which is secured only by a security interest in a debtor's principal residence. *Id.* at § 1322(b)(2).

provides that the property vesting in the debtor is free and clear of any claim or interest of any creditor provided for by the plan. We conclude that PSFS is not such a creditor because, although the plan provides that it shall be paid the current mortgage payments as well as monthly amounts in reduction of the arrearages, the plan does not propose to pay PSFS the balance of principal due it *in full* during the life of the plan. Consequently, under section 1325(a)(5), the debtors' residence is not revested in them free of PSFS's interest. Thus, PSFS retains its lien on the debtors' residence and its complaint for relief from the stay is properly before us.