**In re Charles L. EMERY, Debtor.**

**FIRST FEDERAL SAVINGS AND LOAN ASSOCIATION OF TOLEDO, Plaintiff,**

**v.**

**Charles L. EMERY, Jr., et al., Defendants.**

**Bankruptcy No. 81–0666.**

United States Bankruptcy Court, N. D. Ohio, W. D.

Dec. 30, 1981.

Gregory Sova, Duffey & Henning, Toledo, Ohio, for plaintiff.

## MEMORANDUM OPINION AND ORDER

RICHARD L. SPEER, Bankruptcy Judge.

This cause came before the Court upon the oral Motion of First Federal to allow an increase in the Debtor's mortgage interest rate or in the alternative to allow First Federal to complete its foreclosure proceedings through sale.

### FACTS

The Court finds the following facts:

1.) The mortgage deed held by First Federal secures real property which is the Debtor's principal residence. Such deed was executed and delivered by the Debtor on June 19, 1975. On June 20, 1975, the mortgage deed was recorded in the Recorder's Office of Lucas County, Ohio.

2.) Debtor filed his Petition in Bankruptcy under 11 U.S.C., Chapter 13 on December 1, 1980.

3.) Debtor's Amended Chapter 13 Plan, confirmed on December 30, 1980, proposed to pay any arrearages due First Federal on this mortgage within the Plan. The Debtor's current monthly payments ($450/month) were to be made outside the Plan.

4.) As of September 1, 1981, the Debtor was delinquent in his payments to First Federal in the amount of Two Thousand One Hundred Sixty-Two and no/100 Dollars ($2,162.00). The approximate amount owed to First Federal is Forty-Three Thousand Fifty-Six and 29/100 Dollars ($43,056.29) plus interest at the rate of nine percent per annum.

5.) First Federal believes its interest is not being adequately protected, and has sought relief from this Court.

6.) Prior to First Federal's Complaint For Relief From Stay filed September 11, 1981, three Motions for dismissal of this case for failure to meet required payments were filed by First Federal, Ohio Citizens and the Trustee. Those Motions are still pending.

7.) This Court has previously lifted the stay of both First Federal and Ohio Citizens to the extent that they may proceed with the foreclosure actions in state court up to the point of sale.

The issue presented is whether First Federal may negotiate an increase in the interest rate of this mortgage contract, or in the alternative, that it be allowed to complete the foreclosure proceedings in the state court through sale.

First Federal proposes that even though the confirmed Amended Plan did not modify its rights, the actual execution of the Plan does modify them. First Federal asserts that this modification is contrary to the provision in the Bankruptcy Code which protects them, Section 1322(b)(2).

Section 1322(b)(2) states the following:

"(b) Subject to subsections (a) and (c) of this section, the plan may—

(2) modify the rights of holders of secured claims, other than a claim secured only by a security interest in real property that is the debtor's principal residence . . ."

As stated earlier, the Debtor's plan proposes to pay all the arrearage due to First Federal under the Plan, and all current payments outside the Plan. This would bring the Debtor's payments current in the three year period.

The Debtor has not been able to keep up either payment. The Trustee's report dated December 2, 1981, indicates that of the

Four Thousand Nine Hundred Seventeen and 85/100 Dollars ($4,917.85) owed to the Plan, to date the Debtor has only paid One Thousand Five Hundred Twenty-Four and 60/100 Dollars ($1,524.60), leaving a deficiency of Three Thousand Three Hundred Ninety-Three and 25/100 Dollars ($3,393.25). The Debtor's proposed monthly payments are Two Hundred Eighty-Five and no/100 Dollars ($285.00). Since the commencement of his plan, the only month in which the Debtor was able to at least meet this monthly obligation was January of 1981. In fact there have been four months, including December, 1981, in which the Debtor has tendered no payment at all.

At prior hearings, the Debtor explained that for a time he had been laid off, therefore no payment was tendered to the trustee.

However, it also appears that the Debtor has been making current payments to Federal National Mortgage Association for a mortgage it holds on rental property of the Debtor. These payments are being made to the detriment of First Federal, Ohio Citizens and all of the Debtor's unsecured creditors.

The Court has further been notified by the Debtor's employer, that the Debtor was injured on the job and therefore is on industrial leave. It is uncertain at this point when he will be able to return. No contact has been made by the Debtor to the Court or the Trustee on this current problem.

This Court has attempted to give Mr. Emery reasonable time in which to get his problems in order since he is representing himself. It appears the Debtor is valiantly trying to make his plan work; however, it is clear that the funds are just not available. The question comes down to whether it is feasible for this plan to succeed given the income of the Debtor. So far, the Debtor has not been able to make the payments as proposed in the Plan. He could probably not meet the payments if First Federal was allowed to increase its mortgage interest rate.

Even though the appraised value of the Debtor's residence (which may or may not be valid in today's housing market) appears to exceed the amount owed First Federal, this cushion is being rapidly eroded since the Debtor can not meet his payments within or outside his Chapter 13 Plan.

For the foregoing reasons, it is

ORDERED that First Federal's Motion to increase the mortgage interest rate is hereby denied, and it is further

ORDERED that First Federal's Complaint For Relief From Stay be granted. First Federal may conclude its foreclosure proceedings in the state court.