Richard L. Innis, Columbus, Ohio, for debtors.

Deborah P. Ecker, Columbus, Ohio, for Bank One of Columbus, NA.

Frank Pees, Worthington, Ohio, trustee.

### In re William Richard PETTIT Bonnie Lou Pettit, Debtors.

#### Bankruptcy No. 2–81–00891.

United States Bankruptcy Court,
S. D. Ohio, E. D.

March 11, 1982.

### ORDER ON APPLICATION TO AVOID JUDICIAL LIEN

R. J. SIDMAN, Bankruptcy Judge.

William and Bonnie Pettit, joint Chapter 13 debtors, have made an application to this

---

Court for an order avoiding the lien asserted by Bank One of Columbus, NA ("Bank One") against their residential real estate. The lien is in the form of a certificate of judgment filed against the residential real estate of the debtors on October 26, 1977, and according to the proof of claim filed by Bank One is in the amount of $7,696.66. The debtors originally premised their application upon the provisions of § 522(f)(1) of the Bankruptcy Code which state:

"(f) Notwithstanding any waiver of exemptions, the debtor may avoid the fixing of a lien on an interest of the debtor in property to the extent that such lien impairs an exemption to which the debtor would have been entitled under subsection (b) of this section, if such lien is—

(1) a judicial lien ..." 11 U.S.C. § 522(f)(1).

The debtors claim that the judicial lien of Bank One impairs their exemption in their residential real estate. However, in an additional memorandum in support of this application, the debtors have alternatively requested that the judicial lien of Bank One be cancelled by virtue of certain provisions of § 1327(b) and (c) of the Bankruptcy Code which state:

"(b) Except as otherwise provided in the plan or the order confirming the plan, the confirmation of a plan vests all property of the estate in the debtor.

(c) Except as otherwise provided in the plan or in the order confirming the plan, the property vesting in the debtor under subsection (b) of this section is *free and clear of any claim or interest of any creditor provided for by the plan.*" 11 U.S.C. § 1327(b) and (c) (Emphasis Added).

The debtors' application has been opposed by Bank One. Relevant facts in deciding the present application are found by the Court as follows. The debtors filed a joint petition requesting relief under the provisions of Chapter 13 of the Bankruptcy Code on March 4, 1981. Bank One was a duly listed creditor in the accompanying Chapter 13 statement (although it was listed as "City National Bank", the former name of Bank One) and was duly notified of the filing of the petition. A meeting of creditors under the provisions of § 341 of the Bankruptcy Code was held on April 10, 1981, and the debtors' plan was confirmed by this Court on April 23, 1981. Bank One filed no claim in this case until April 17, 1981, and its subsequent request to be included in the confirmed plan as a secured creditor was denied by Court Order of May 7, 1981, on the grounds that its late filing of its claim could not be excused under the provisions of Rule 13–302(e) of the Bankruptcy Rules. See *In re Remy*, 8 B.R. 40 (Bkrtcy.S.D.Ohio 1980).

The debtors now seek to take advantage of the fact that Bank One has only an allowed *unsecured* claim in this Chapter 13 case by invoking the provisions of § 1327(c) and having this Court declare that the judicial lien of Bank One is now cancelled by operation of that section.

There is no doubt that the Bank One debt is provided for in the Chapter 13 plan of these debtors, thus the result reached in the case of *The Benford-Whiting Company v. Robertson (In re Robertson)*, 4 B.R. 213, 6 B.C.D. 375 (Bkrtcy.D.Colo.1980), is not applicable. There is at least one court that appears to have held that the literal language of § 1327(c) of the Bankruptcy Code was not meant by Congress. See *Second National Bank of Saginaw v. Honaker (In re Honaker)*, 4 B.R. 415, 6 B.C.D. 474 (Bkrtcy.E.D.Mich.1980). Indeed, a respected bankruptcy treatise seems to also so indicate. 5 *Collier on Bankruptcy*, ¶ 1327.-01, p. 1327–5.

However, at least two courts have held that the language of § 1327 directly affects the status of a holder of a secured claim in a confirmed Chapter 13 plan. For instance, the Court in *Associates Commercial Corp. v. Brock (In re Brock)*, 6 B.R. 105, 6 B.C.D. 1065 (Bkrtcy.N.D.Ill.1980), held that:

"Section 1327, therefore, virtually renders a secured creditor provided for in a Confirmed Plan impotent." *In re Brock, supra*, 6 B.R. 105, 6 B.C.D. at 1066.

Also, a bankruptcy court has held that all matters relating to a creditor's interest in

the debtor's property, if the debt is provided for by the confirmed plan, are finally determined by the confirmation order, and no subsequent judicial proceeding can reopen those same issues. See *Ford Motor Credit Company v. Lewis (In re Lewis)*, 8 B.R. 132, 7 B.C.D. 105 (Bkrtcy.D.Idaho 1981). Thus, the creditor in the *Lewis* case was prevented from relitigating the question of whether or not the confirmed plan of the Chapter 13 debtor adequately provided for the protection of its interest. Section 1327 of the Bankruptcy Code was cited as support for that position.

This Court hereby finds that the provisions of § 1327(c) as applied in this case operate to exchange the previously held obligation of the Pettits, which was secured by a judicial lien of Bank One on their residential real estate, for an unsecured claim to be paid through the terms of the confirmed Chapter 13 plan. Thus, if the debtors fully comply with the terms of their Chapter 13 plan, the Bank One debt, having been paid as an unsecured claim in the confirmed plan, will be discharged. The rehabilitative purpose of Chapter 13 would be directly frustrated if a creditor in Bank One's posture could, after having been paid in accordance with the provisions of the confirmed Chapter 13 plan, and in accordance with the manner in which its claim was allowed, assert the continued validity of its judicial lien after the conclusion of this case. Bank One could have protected itself in this proceeding by filing a timely proof of claim and insisting on retaining its lien rights. See 11 U.S.C. § 1325(a)(5)(B)(i). It did not. Bank One's only protection at this point in time is the promise of the debtors to pay their creditors under the terms of their confirmed plan, and if such promise is fulfilled, Bank One will have received its proper dividend in this case. It can, under applicable law, expect no more. The Court makes no present finding as to whether the Bank One judicial lien would be subject to a different treatment should the debtors fail to complete their Chapter 13 plan and their case is either dismissed or converted to a Chapter 7 case. The finding that this Court does

make is premised upon the debtors' fulfillment of the terms of their confirmed Chapter 13 plan.

Based upon the foregoing, this Court hereby determines that the provisions of § 1327(c) of the Bankruptcy Code operate to avoid Bank One's judicial lien. This Court thus determines that the application of the Pettits is meritorious and it is hereby granted. For the purpose of this Chapter 13 case, Bank One's judicial lien on the debtors' residential real estate is hereby avoided.

IT IS SO ORDERED.