### In re Ruth BEASLEY, Debtor in Chapter 13.

### Bankruptcy No. 82–21415.

United States Bankruptcy Court, W. D. Tennessee, W. D.

July 9, 1982.

Irving S. Zeitlin, Memphis, Tenn., for debtor.

William A. Cohn, Memphis, Tenn., for creditor.

## MEMORANDUM OPINION AND ORDER

WILLIAM B. LEFFLER, Bankruptcy Judge.

In this Chapter 13 proceeding the mortgage holder seeks to compel the wage earner to defer the vesting of her residence in herself and instead to have the residence vest in National Mortgage Company, by virtue of 11 U.S.C. § 1322(b)(9), until either 1) dismissal of the case [1]; 2) vacation by the Court of the automatic stay; 3) discharge of the plan; or 4) granting of a motion by the debtor to sell the property. The Court finds that § 1322(b)(9) may not be used by a creditor to compel vesting in it of property which should vest in the debtor by virtue of 11 U.S.C. § 1327(b).

Under § 1322:

The plan *may* —

(9) provide for the vesting of property of the estate, on confirmation of the plan or at a later time, in the debtor or in any other entity;

11 U.S.C. § 1322(b)(9) (emphasis added). The language "may" is discretionary, as opposed to the mandatory "shall" found in § 1322(a). For this reason alone, a creditor should not be allowed to force a debtor, whose plan meets all mandatory Chapter 13 requirements, to defer vesting of property in herself or to vest property in a creditor.

Not only does the clear language of § 1322(b)(9) itself compel this conclusion, but any contrary result would contravene the fresh start policy embodied in the Code. By deferring the vesting of a debtor's residence in the debtor under § 1327 or by vesting the residence in the creditor, the creditor raises a substantial roadblock in the debtor's path to a fresh start. As noted in *Matter of Brock*, 6 B.R. 105, 6 B.C.D. 1065 (Bkrtcy.N.D.Ill.1980), Congress was wise to provide in § 1327 that confirmation of the plan would vest property of the estate in the debtor so that, "(a) debtor may carry out his duties under a confirmed plan without fear of having a creditor pull out (its security) from under him. . . ." 6 BCD

at 1066. Collier observes that § 1327's vesting of property in the debtor upon confirmation unless terms of the plan provide otherwise "implements a major theme of Chapter 13 by preserving to the debtor ownership, as well as possession of all property . . . ." 5 Collier on Bankruptcy. Para. .1327.01(2) (15th ed. 1982). Collier likewise comments that the purpose of § 1327(b) should be construed against § 1322(b)(8)'s allowance of payment of a claim from property and § 1322(b)(9)'s allowance of vesting of property in an entity other than the debtor, so as to promote flexibility in wage earner plans:

by *permitting the debtor to propose* a plan to satisfy all or part of one or more claims by vesting property of the debtor or property of the estate in a creditor. Section 1327(b) in no way restricts *the freedom of the debtor to include* a provision in the plan vesting property of the estate, including exempt property, in an entity other than the debtor.

*Id.* (emphasis added). Thus § 1322(b)(9) is present in Chapter 13 as an aid to facilitating the debtor's proposal of an effective plan providing a debtor with a fresh start. Section 1322(b)(9) may not be used by a creditor as a sword of Damocles to hang over a debtor's head during the long duration of a wage earner plan.

It is therefore

ORDERED by the Court that the motion of National Mortgage Company to defer vesting of property is denied.

ENTER this 9th day of July, 1982.

---

1. The Court observes that should the case be dismissed, by virtue of 11 U.S.C. § 349(b)(3), the residence would be automatically. revested in the debtor.