In re Marvin L. CHATMAN and Maryann Chatman, Debtors.

STANDARD FEDERAL SAVINGS AND LOAN ASSOCIATION OF CHICAGO, a Corporation of the United States, Plaintiff,

v.

Craig PHELPS, Trustee and Marvin L. Chatman and Maryann Chatman, Defendants.

Bankruptcy No. 82 B 00589.
Adv. No. 82 A 0270.

United States Bankruptcy Court, N. D. Illinois, E. D.

Sept. 20, 1982.

William Zipperman, Zipperman, Levin & Assoc., Chicago, Ill., for plaintiff.

Donald Rendler-Kaplan, Chicago, Ill., for defendants.

## MEMORANDUM OPINION AND ORDER

EDWARD B. TOLES, Bankruptcy Judge.

This matter coming on to be heard on the complaint to lift or modify the automatic stay filed by the Plaintiff, STANDARD FEDERAL SAVINGS AND LOAN ASSOCIATION OF CHICAGO, a Corporation of the UNITED STATES (Plaintiff), represented by WILLIAM M. ZIPPERMAN, Attorney at Law, and the answer thereto of the Debtors, MARVIN L. CHATMAN and MARYANN CHATMAN (Defendants), represented by DONALD RENDER-KAPLAN, Attorney at Law, pursuant to Section 362(d) of the Bankruptcy Code, and

The Court having examined the pleadings filed in this matter, having received and examined the evidence adduced, having heard testimony and the arguments of counsel, having received and examined memoranda of law submitted by the parties in support of their respective positions, and the Court being fully advised in the premises;

The Court Finds:

1. On August 28, 1980, the Defendants executed a promissory note to the Plaintiff in the principal sum of $33,200.00. Said note was secured by a mortgage dated August 28, 1980, on the Defendants' principal residence commonly known as 5927 S. Campbell Avenue, Chicago, Illinois. Said mortgage was filed for record in the Office of the Cook County, Illinois, Recorder of Deeds, on September 2, 1980, as Document Number 25567114.

2. Upon the default of the Defendants a foreclosure action was instituted in the Circuit Court of Cook County, Illinois, and a judgment of foreclosure and order of sale was entered on December 16, 1981. Pursuant to said judgment, the Sheriff of Cook County, Illinois, was directed to sell the above described property on January 19, 1982, at 12:00 Noon.

3. On January 15, 1982, the Defendants filed a petition for relief under Chapter 13 of the Bankruptcy Code and listed Plaintiff as a secured creditor as follows:

| | |
|---|---|
| Standard Federal | $39,121.00 |
| Savings & Loan | $5,085.00 |
| 7192 Archer Avenue | arrearage |
| Chicago, Illinois | $34,010.36 |
| | mortgage to |
| | be paid outside |
| | plan. |

On March 10, 1982, the Defendants' plan to pay 10% to unsecured creditors and 100% to Plaintiff outside the plan on the current mortgage payment with mortgage arrearage to be paid through the plan was confirmed.

4. On January 26, 1982, Plaintiff filed the instant complaint to lift or modify the automatic stay, and the Defendants filed an answer on February 8, 1982. At the trial on the complaint the only evidence introduced was by the Plaintiff. EDWARD SULLIVAN (Sullivan), Collection Manager for Plaintiff, identified the mortgage and note signed by Defendants, and testified that the principal sum due to Plaintiff as of the date of trial was $40,198.01, including the sum of $6,449.57 in arrearages. Sullivan testified that since January 1, 1982, Plaintiff has received the sum of $440.00 from the Defendants on the indebtedness. MICHAEL KOWALSKI (Kowalski), a real estate appraiser for Plaintiff testified that based on an appraisal taken on August 28, 1981, the property had a value of $36,900.00. Kowalski testified that an additional appraisal of the subject premises was made in April 1982 and he valued the property at the sum of $37,000.00. Kowalski testified that he was familiar with the area surrounding Defendants' home, and that the property value in that area did not appreci-

ate between 1981 and 1982, and may have decreased based on the general economy.

The Court Concludes and Further Finds:

■■■ 1. Under Section 362(d) of the Bankruptcy Code the creditor seeking relief from the stay provision has the burden of proving that the debtor lacks equity in the property subject to the stay. Once the creditor has met this burden, it is incumbent upon the debtor to establish that the creditor is adequately protected, the property is necessary to an effective reorganization and that there is a reasonable possibility of a successful reorganization. *In re Hutton-Johnson Co., Inc.,* 6 B.R. 855, 860 (Bkrtcy.S.D.N.Y.1980); *In re Richards Pontiac, Inc.,* 6 B.R. 773, 777 (Bkrtcy.E.D.N.Y. 1980); *In re Anchorage Boat Sales, Inc.,* 4 B.R. 635, 641 (Bkrtcy.E.D.N.Y.1980); *In re Antilles Yachting, Inc.,* 4 B.R. 470, 472 (Bkrtcy.VI.1980); *In re Hanson Dredging, Inc.,* 6 B.R. 230, 232 (S.D.Fla.1980). It has been held that chapter 13 debtors may reinstate foreclosed mortgages by proposing good faith repayment plans, and that in Chapter 13 cases, after confirmation, complaints to lift the stay should not be prosecuted. *In re Patzgold,* 81 C 5128 (Feb. 17, 1982, N.D.Ill.); *In re Brock,* 6 B.R. 105, 107 (Bkrtcy.N.D.Ill.1980); *In re Marrero,* 7 B.R. 586, 589 (Bkrtcy.D.Puerto Rico 1980); *In re Lewis,* 8 B.R. 132, 137 (Bkrtcy.D.Idaho 1981). However, Chapter 13 debtors with a confirmed plan cannot be afforded continued protection by the automatic stay where secured creditors are not being paid in accordance with the plan and where it appears that the debtor is no longer able or willing to comply with the terms of the plan. *In re Emery,* 19 B.R. 151, 8 B.C.D. 1331, 1332 (N.D.Ohio 1981).

■■■ 2. In the instant case the record shows that since January 1, 1982, the Plaintiff has received only the sum of $440.00 from Defendants toward current mortgage payments and arrearages. It has been shown that the value of the subject premises as of April 1982 is the sum of $37,000.00 while the total sum due on the note is $40,189.01. Under these circumstances it must be concluded that the Plaintiff has established Defendant's lack of equity, and Defendants have not offered adequate protection or shown that there is a reasonable possibility of a successful reorganization. It must be concluded that Defendant's plan of repayment to Plaintiff is no longer feasible, and the stay should be lifted.

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED that the complaint to lift or modify the automatic stay of Plaintiff, STANDARD FEDERAL SAVINGS AND LOAN ASSOCIATION OF CHICAGO, a Corporation of the UNITED STATES, against the Defendants, MARVIN L. CHATMAN and MARYANN CHATMAN, filed pursuant to Section 362(d) of the Bankruptcy Code, be, and the same is hereby granted.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the automatic stay pursuant to Section 362 of the Bankruptcy Code in the above captioned proceeding, be, and the same is hereby lifted.