**In re John C. HODGSON d/b/a Hodgson Insurance Agency, Debtor.**

**Bankruptcy No. WF7–85–00285.**

United States Bankruptcy Court,
W.D. Wisconsin.

Oct. 1, 1985.

Robert D. Reid, Stevens Point, Wis., Thomas W. Batterman, Wausau, Wis., for debtor.

Edward F. Zappen, Marshfield, Wis., Trustee.

Cathy J. Gorst, Marshfield, Wis., for 'trustee.

## MEMORANDUM OPINION

WILLIAM H. FRAWLEY, Bankruptcy Judge.

Debtor John C. Hodgson, d/b/a Hodgson Insurance Agency, has moved this court for an order: 1) directing trustee to abandon agency contracts between the debtor and various insurance companies; 2) restraining trustee from transferring those agency contracts; and 3) determining that any renewal commissions earned after the filing of debtor's Chapter 7 Bankruptcy Petition are not assets of the bankruptcy estate. Hearings on this matter were held on June 19 and September 18, 1985. The debtor was represented at the first hearing by Attorney Robert D. Reid and at the second hearing by Attorney Thomas W. Batterman. The trustee, Edward F. Zappen, appeared personally and was repre-

sented by Attorney Cathy J. Gorst. Both parties have filed briefs on this matter.

In response to debtor's motion the trustee maintains that the agency contracts between debtor and various insurance companies are executory contracts which trustee has assumed. He also contends that renewal commissions were earned before the filing of the bankruptcy and are therefore property of the estate.

11 U.S.C. § 365(d)(1) provides that in a case under Chapter 7 of the Bankruptcy Code if the trustee does not assume or reject an executory contract within 60 days after the order for relief, then such contract is deemed rejected. Since the court has not granted an extension within the 60-day period, as allowed by sec. 365(d)(1), the issue before the court is whether trustee has assumed the contract within 60 days of the February 19, 1985 order for relief. The trustee argues that he assumed the executory contracts by conduct rather than by any formal notice, motion and court approval. He refers to an April 5, 1985 letter from his counsel to debtor's attorney which states that there is a party interested in purchasing the insurance agency from the trustee. It further notes that consequently the trustee requires complete information concerning insurance company contracts with the debtor.

■ The legislative history of the Bankruptcy Reform Act of 1978 which enacted Sec. 365 makes it clear that the purpose of the time limitations imposed on assumption or rejection was to reduce uncertainty concerning executory contracts or leases involving the debtor. See H.R.Rep. No. 95–595, 95 Cong., 1st Sess. 348 (1977), 1978 U.S.Code Cong. & Admin.News, pp. 5787, 6304. This purpose of reducing uncertainty must be considered in determining whether an action is sufficient to constitute assumption.

In *In re Kelly Lyn Franchise Co., Inc.*, 26 B.R. 441, 444 (Bankr.M.D.TN 1983) the court rejected debtor's contention that the assumption of an unexpired lease can be accomplished by implication. The court there noted that assumption or rejection by

implication or by action leads inevitably to the kind of confusion and uncertainty exemplified by that case. *Id.* It also pointed out that the requirement for court approval contained in sec. 365(a) prohibits assumption or rejection of a lease by surprise, confusion or the inartful drafting of an agreed order setting a deadline under sec. 365(d)(2). *Id.* at 447.

The court in *In re Ro-An Food Enterprises, LTD.*, 41 B.R. 416 (D.C.ED.N.Y. 1984) reached a result contrary to that reached in *Kelly Lyn, supra*. It concluded that the trustee can assume an unexpired lease by something less than a formal act of assumption. *Id.* at 418. The court stated that although less than formal acts of assumption do not remove the need for court approval, they do constitute notice and preclude deeming the lease rejected by inaction under sec. 365(d)(1).

The most recent case on this subject which the court has located is *In re By-Rite Distributing, Inc.*, 47 B.R. 660 (Bankr.D.Utah 1985). The court in that case cited the reasoning of *Kelly Lyn, supra*, with approval. *Id.* at 667. It concluded that there must be a conscious and deliberate decision to assume, whether that decision is manifested by words, conduct or a paper filed with the court. *Id.* at 669.

Upon consideration of the legislative history of sec. 365, its purpose and the case law interpreting it, the court concludes that the trustee has not assumed the executory insurance agency contracts within the 60-day time limit imposed by sec. 365(d)(1). If the purpose of reducing confusion or uncertainty over a debtor's executory contracts is to be effectuated, a court must be exceedingly reluctant to allow assumptions by implication. An action will often be interpreted differently by individuals. What one person may view as an actual assumption of an executory contract may be viewed by another as a mere suggestion that an assumption may occur at a future date. For this reason, the court finds the rationale contained in the *Kelly Lyn, supra*, opinion to be persuasive.

■ In order for a sec. 365 assumption of an executory contract to occur within the 60-day time limit there must be either an express declaration of assumption or a specific, unequivocal action leading to no possible conclusion other than that an assumption has taken place.[1] According to the express terms of sec. 365(a) any assumption is subject to court approval. Therefore, a motion for court approval pursuant to Bankruptcy Rule 6006 and the granting of that approval are also necessary.

■ Trustee in this case made no express declaration of assumption within 60 days of the February 19, 1985 order for relief. Additionally, within that time period he did not undertake a specific, unequivocal action which could only lead to the conclusion that an assumption had taken place. The April 5, 1985 letter relied upon by the trustee merely asks for information concerning insurance contracts and informs him that a party has expressed an interest in purchasing the agency. A quite reasonable conclusion which could be reached from this letter was that the trustee may at some future point exercise an assumption of the executory contracts to make a sale possible. Since there was no express declaration of an assumption or a motion for court approval the debtor was justified in his belief that the executory contracts were not assumed by the trustee within the required 60 days. Any other conclusion would lead to the confusion of parties being forced to speculate as to whether an assumption had taken place.

The remaining issue for the court is whether the debtor is entitled to retain the renewal commissions that he has collected since the commencement of this proceeding. Sec. 541(a)(6) excludes from property of the estate earnings from services performed by an individual debtor after commencement of the case. Debtor in the present case has continued to sell insur-ance. He testified that 85 percent of his work involves processing claims, servicing old policies and responding to inquiries from policyholders.

■ In *In re Kervin,* 19 B.R. 190 (Bankr.S.D.Ala.1982) the court addressed an issue analogous to the one before this court. The debtor in that case was also still selling insurance and servicing old policies. The court concluded that since the debtor did not become entitled to renewal commissions until he performed certain personal services such as selling new policies and servicing old policies, the renewal commissions he received were not property of the estate. The court in the present case reaches the same conclusion. The renewal commissions debtor has received since the commencement of his bankruptcy are the result of his post-petition work. He spends the vast majority of his time servicing old policies. Under these circumstances, the renewal premiums received since the commencement of this case are not property of the estate.

This opinion shall constitute findings of fact and conclusions of law in accordance with Bankruptcy Rule 7052.

## ORDER

IT IS ORDERED THAT the insurance agency contracts entered into by the debtor are deemed rejected by the trustee pursuant to 11 U.S.C. § 365(d)(1).

IT IS FURTHER ORDERED THAT the renewal premiums received by debtor since the commencement of this case are excepted from property of the estate based on 11 U.S.C. § 541(a)(6).

---

1. Such a stringent requirement provides protection for both third parties who have contracted with a debtor and the estate itself. Since executory contracts and leases present possible costs and benefits to both contracting parties, the certainty provided by the requirements is important to both.