In re **Willie Edmond BETTS**, Debtor.

The **CITY LOAN AND SAVINGS CO.**, Plaintiff,

v.

**Willie Edmond BETTS**, Defendant.

**Bankruptcy No. 2-80-00110.
Adv. No. 2-80-0259.**

United States Bankruptcy Court, S. D. Ohio, E. D.

Jan. 9, 1981.

Robert R. Shaw, Columbus, Ohio, for The City Loan and Savings Co.

Lee C. Mittman, Columbus, Ohio, for debtor.

Frank Pees, Worthington, Ohio, trustee.

## OPINION AND ORDER ON COMPLAINT TO MODIFY STAY

R. J. SIDMAN, Bankruptcy Judge.

This matter is before the Court on the merits of a complaint filed by The City Loan and Savings Company ("City Loan") which seeks modification of the automatic stay of actions against co-debtors in this Chapter 13 proceeding. The Court makes the following findings of fact.

The debtor, Willie Edmond Betts, filed a petition under the auspices of Chapter 13 of the Bankruptcy Code on January 15, 1980. After appropriate notice and hearing, the Chapter 13 plan of the debtor was confirmed by order of the Court dated March 15, 1980. The terms of the confirmed plan include the payment of $30.00 per week to the Chapter 13 trustee, payment of allowed secured claims in full, and payment of a 20% dividend to all allowed unsecured claims.

On February 12, 1980, City Loan filed a claim in this Chapter 13 case in the amount of $1,349.49, a claim which indicated, inter alia, that Brenda Betts was a co-signor on the obligation. Brenda Betts is the ex-wife of this debtor and, under the terms of the divorce decree Willie Betts has been ordered to pay the claim of City Loan and hold his ex-wife harmless thereon. That claim was subsequently amended by the filing of a proof of claim on April 14, 1980, by City Loan with the amount claimed revised to the sum of $1,408.27. The amended claim was filed as unsecured and has not been objected to by any party in interest.

Both the original claim of City Loan, and its amendment, indicated affirmative acceptance of the Chapter 13 plan proposed by Willie Edmond Betts.

The provisions of § 1301 of the Bankruptcy Code were newly added to the statutory scheme of Chapter 13 as found in the Bankruptcy Reform Act of 1978. In substantive part it provides:

"Except as provided in subsections (b) and (c) of this section, after the order for relief under this chapter, a creditor may

not act, or commence or continue any civil action, to collect all or any part of a consumer debt of the debtor from any individual that is liable on such debt with the debtor, or that secured such debt, unless—

(1) such individual became liable on or secured such debt in the ordinary course of such individual's business; or

(2) the case is closed, dismissed, or converted to a case under Chapter 7 or 11 of this title." 11 U.S.C. § 1301(a).

This automatic stay of action against a co-debtor is subject to modification under certain circumstances as stated in § 1301(c) of this Code:

"On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided by subsection (a) of this section with respect to a creditor, *to the extent that—*

(1) as between the debtor and the individual protected under subsection (a) of this section, such individual received the consideration for the claim held by such creditor;

(2) *the plan filed by the debtor proposes not to pay such claim*; or

(3) such creditor's interest would be irreparably harmed by such stay." 11 U.S.C. § 1301(c). (emphasis added).

■ The legislative history on this Code provision makes it clear that if the debtor proposes not to pay a portion of any debt under his Chapter 13 plan, then the stay against co-debtor pursuit can, and perhaps must, be lifted to that extent. See H.R. Rep.No.595, 95th Cong., 1st Sess. 122 (1977), U.S.Code Cong. & Admin.News 1978, 5787. See also *In re O'Leary*, 1 C.B.C.2d 569 (W.D. N.Y.1980).

■ Absent any other factors, this Court would be constrained to hold that the stay of action against a co-debtor provided for in § 1301 of the Bankruptcy Code must be modified in this case to the extent that the composition plan confirmed in this case proposes not to pay, in full, the claim of City Loan. The stay would thus be modified to allow the pursuit of the co-debtor, Brenda

Betts, to the extent of 80% of the City Loan claim (this being a 20% composition plan).

However, a complicating factor in the present case is the existence of the following provision in the Chapter 13 plan confirmed in this case:

"Creditors may not act or commence any action to collect any part of its debt from former spouse of debtor, Brenda Betts, on debts for which she is liable."

The genesis of this provision occurred prior to the enactment of the Bankruptcy Reform Act of 1978 and was an effort on the part of debtor's counsel to prevent creditors, under old Chapter XIII, from pursuing co-debtors. This provision was necessary because there was no comparable provision to § 1301 which existed prior to the enactment of the Bankruptcy Code. This practice has been specifically dealt with and approved by the Sixth Circuit Court of Appeals. See *Schraer v. G.A.C. Finance Corporation*, 408 F.2d 891 (6th Cir. 1969).

Does the inclusion of such a provision in a plan under the Bankruptcy Code limit the ability of a creditor to seek relief from the co-debtor stay under § 1301, at least where the creditor has both affirmatively accepted the plan proposal of the debtor (even though, as the holder of an unsecured claim, the creditor may not have had a vote on the plan) and where that same creditor has failed to object to confirmation of a plan containing such a provision?

■ This question calls into play the provisions of § 1322(b) of the Bankruptcy Code which provide:

"(b) Subject to subsections (a) and (c) of this section, the plan may—

.    .    .    .    .

(10) include any other appropriate provision not inconsistent with this title." 11 U.S.C § 1322(b)(10)

Is the inclusion of a broader co-debtor stay in a Chapter 13 Plan inconsistent with the provisions of § 1301? This Court finds that it is not. It is quite conceivable, and perhaps likely, that co-debtor protection is crucial in the formulation and execution of a Chapter 13 plan. This is especially true in

the context of a debtor facing an order from a court of domestic relations requiring the payment of certain marital debts incurred with an ex-spouse. There may be every reason to protect the ex-spouse from collection efforts by creditors while the debtor attempts to recover some financial stability. The co-debtor protection is no less necessary in the composition plan context, for the failure of a debtor to fully protect the ex-spouse ("hold her [or him] harmless" is the usual language contained in a divorce decree) may result in unwanted repercussions with the domestic relations court.

It is thus with wisdom and foresight that the debtor in this case chose to broaden the co-debtor protection afforded by § 1301 of the Bankruptcy Code. This debtor apparently faces problems emanating from the rights given to his ex-spouse and the obligations imposed upon him by the order of the domestic relations court. Additionally, his current financial condition precludes him from being able to propose a plan calling for full payment of all of his obligations. The inclusion of the broadened co-debtor language specifically into his plan terms gives him a temporary respite from the burden of an intolerable financial predicament. The debtor cannot pay all his obligations. He has neither the present assets nor the future earning power to fully pay his creditors. Yet he is under court order to do so, or at least to hold his ex-spouse from having to pay those upon which she may have been jointly liable. The Chapter 13 plan confirmed in this case, with the broadened co-debtor protection, will allow for the orderly payment of creditors pursuant to the plan. It will, however, only postpone the eventual reckoning which will occur when the Chapter 13 plan is successfully completed, or dismissed before completion. At that time the co-debtor protection will be terminated and this debtor will then have to contend with that portion of those debts jointly owed with his ex-spouse which have not been fully paid. It is reasonable to presume, however, that at that point in time he will be in a better financial condition to accomplish a necessary goal—holding his ex-spouse harmless on marital debts. In that sense, the Chapter 13 plan will have provided the benefit intended—an orderly payment to creditors and a rehabilitated debtor. The inclusion of a provision in a Chapter 13 plan which broadens the co-debtor stay is not inconsistent with any provision of Title 11 and thus is an appropriate provision under the standard set forth in § 1322(b)(10) of the Bankruptcy Code. The affirmative acceptance of the debtor's Chapter 13 plan by City Loan, combined with the failure of City Loan to assert its right to object to confirmation of the plan, binds City Loan fully to all the terms of the plan. Quite clearly, Congress intended a confirmed Chapter 13 plan to bind all creditors (and the debtor) in order to fully accomplish the rehabilitative purpose of the chapter. See 11 U.S.C. § 1327(a).

The effect of the present holding—that the co-debtor stay should not be modified in this case—is not a denial of remedy to City Loan. It is merely a postponement of the exercise of its right to pursue co-debtor, a postponement clearly justified by the salutary purpose of the financial rehabilitation of a Chapter 13 debtor.

The Court hereby finds that the complaint to modify stay brought by City Loan is lacking in merit and therefore the relief requested therein is hereby denied.

IT IS SO ORDERED.