In re Wendell W. WEAVER, Kathryn Jane Weaver, Debtors.

**HOUSEHOLD FINANCE CORPORATION,**
**Plaintiff,**

v.

**Wendell W. WEAVER et al., Defendants.**

Bankruptcy No. 2–80–01424.
Adv. No. 2–80–0407.

United States Bankruptcy Court,
S. D. Ohio, E. D.

Jan. 14, 1981.

Stephen K. Yoder, Columbus, Ohio, for debtors.

Robert E. Lee, Columbus, Ohio, for Household Finance Corp.

Frank Pees, Worthington, Ohio, trustee.

## OPINION AND ORDER ON COMPLAINT TO LIFT STAY

R. J. SIDMAN, Bankruptcy Judge.

This matter is before the Court on the merits of a complaint filed by Household Finance Corporation ("HFC") which seeks a modification of the automatic stay of actions against co-debtors in this Chapter 13 proceeding to the extent that HFC's claim is not proposed to be paid under the Chapter 13 plan confirmed herein.

The debtors, Wendell and Kathryn Weaver, filed a joint petition under the auspices of Chapter 13 of the Bankruptcy Code on April 29, 1980. After appropriate notice and hearing, the Chapter 13 plan of the debtors was confirmed by order of the Court dated July 2, 1980. The terms of the confirmed plan include the payment of $480.00 monthly to the Chapter 13 trustee, payment of allowed secured claims in full, and payment of a 71% dividend to all allowed unsecured claims.

On May 27, 1980, HFC filed its unsecured claim in this proceeding in the amount of $2,775.41. The claim does not indicate either acceptance or rejection of the Chapter 13 plan of the debtors. Under the provisions of Rule 13–202(a) of the Rules of Bankruptcy Procedure, however, any creditor filing a claim who does not indicate an acceptance or rejection of the plan shall be deemed to have accepted such plan. While it may be true that, since unsecured creditors under Chapter 13 of the Bankruptcy Code do not have a vote on

confirmation of a plan, and thus the provisions of Rule 13–202(a) are not applicable to the unsecured creditors under present law, it is relevant to note that HFC did not reject the Chapter 13 proposal of these debtors. Further, and perhaps more relevant, HFC did not exercise its right to object to confirmation of the Chapter 13 plan of these debtors as that right is conferred under § 1324 of the Bankruptcy Code. Richard and Beatrice Weaver, the brother and sister-in-law of the debtor Wendell Weaver, have co-signed on the debt to HFC.

■ The provisions of § 1301 of the Bankruptcy Code were newly added to the statutory scheme of Chapter 13 as found in the Bankruptcy Reform Act of 1978. In substantive part it provides:

"Except as provided in subsections (b) and (c) of this section, after the order for relief under this chapter, a creditor may not act, or commence or continue any civil action, to collect all or any part of a consumer debt of the debtor from any individual that is liable on such debt with the debtor, or that secured such debt, unless—

(1) such individual became liable on or secured such debt in the ordinary course of such individual's business; or

(2) the case is closed, dismissed, or converted to a case under Chapter 7 or 11 of this title." 11 U.S.C. § 1301(a).

This automatic stay of action against a co-debtor is subject to modification under certain circumstances as stated in § 1301(c) of the Code:

"On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided by subsection (a) of this section with respect to a creditor, *to the extent that*—

(1) as between the debtor and the individual protected under subsection (a) of this section, such individual received the consideration for the claim held by such creditor;

(2) *the plan filed by the debtor proposes not to pay such claim*; or

(3) such creditor's interest would be irreparably harmed by such stay." 11 U.S.C. § 1301(c). (emphasis added).

The legislative history on this Code provision makes it clear that if the debtor proposes not to pay a portion of any debt under his Chapter 13 plan, then the stay against co-debtor pursuit can, and perhaps must, be lifted to that extent. See H.R.Rep.No.595, 95th Cong., 1st Sess. 122 (1977), U.S.Code Cong. & Admin.News 1978, 5787. See also *In Re O'Leary*, 1 C.B.C.2d 569 (W.D.N.Y. 1980).

■ Absent any other factors, this Court would be constrained to hold that the stay of action against a co-debtor provided for in § 1301 of the Bankruptcy Code must be modified in this case to the extent that the composition plan confirmed in this case proposes not to pay, in full, the claim of HFC. The stay would thus be modified to allow the pursuit of the co-debtors, Richard and Beatrice Weaver, to the extent of 29% of the HFC claim (this being a 71% composition plan).

However, a complicating factor in the present case is the existence of the following provision in the Chapter 13 plan confirmed in this case:

"By accepting this plan, or any modification thereof, creditors agree not to pursue co-signers, if any."

The genesis of this provision occurred prior to the enactment of the Bankruptcy Reform Act of 1978 and was an effort on the part of debtor's counsel to prevent creditors, under old Chapter XIII, from pursuing co-debtors. This provision was necessary because there was no comparable provision to § 1301 which existed prior to the enactment of the Bankruptcy Code. This practice has been specifically dealt with and approved by the Sixth Circuit Court of Appeals. See *Schraer v. G. A. C. Finance Corporation*, 408 F.2d 891 (6th Cir. 1969).

The effect of such a provision in a Chapter 13 plan has been discussed by this Court in a recent case entitled *The City Loan and Savings Co. v. Betts (In re Betts)*, 8 B.R. 799 (1981).

While the reason for the proposal of the broadened co-debtor protection in the present case is different than that in *Betts*, there appears to be no valid reason why such broadened protection should not be given effect in this case. The protection of co-debtors is a factor considered by debtors in choosing an appropriate remedy for their financial difficulties. To these debtors, the extension of the broadest possible co-debtor protection to their relatives on the HFC debt was obviously an important enough consideration to specifically be included within the terms of the proposed Chapter 13 plan in this case. There is nothing inconsistent with the concept or letter of the Chapter 13 provisions which would prevent the inclusion of such broadened co-debtor protection in this Chapter 13 plan. The plan, as confirmed, fully binds all creditors. See 11 U.S.C. § 1327(a). HFC, by failing to reject the plan and/or object to confirmation of the plan, has waived its right to avoid the application of the broadened co-debtor stay in this Chapter 13 case as long as it remains pending and the debtors are making their payments to the Chapter 13 trustee. HFC's remedy against the co-debtors of these Chapter 13 debtors is merely being postponed during the pendency of this Chapter 13 proceeding. At the conclusion of this case, the automatic stay against co-debtor pursuit will be lifted automatically by operation of law and HFC will be able to freely pursue the co-debtors for that portion of its debt unpaid by these Chapter 13 debtors.

Based upon the foregoing, the Court determines that the relief requested by HFC in it complaint is not warranted and such relief is hereby denied.

IT IS SO ORDERED.