**In re Mark and Joanne ROLLAND, Debtors.**

**BENEFICIAL FINANCE COMPANY OF NEW YORK, INC., Plaintiff,**

v.

**Mark and Joanne ROLLAND, Defendants.**

**Bankruptcy No. 81–21811.**

United States Bankruptcy Court, W. D. New York.

June 15, 1982.

Kenneth B. Mason, Rochester, N. Y., for debtors.

George V. Cook, Syracuse, N. Y., for Beneficial Finance Co.

Nixon, Hargrave, Devans & Doyle, Rochester, N. Y., for Lincoln First Bank, N. A.

MEMORANDUM AND DECISION

EDWARD D. HAYES, Bankruptcy Judge.

Beneficial Finance Company has made a motion pursuant to 11 U.S.C. 1301 for the removal of the stay against a co-debtor of the subject debtors. The debtors are opposing the application on the grounds that included in their Chapter 13 plan was a provision that "No action will be taken against any co-obligor of the debtor after confirmation of this plan and upon completion of this plan all creditors will forego proceeding against any co-debtor."

The facts are as follows. On or about November 19, 1981, the debtors, Mark and Joanne Rolland, filed a petition for relief under Chapter 13 of the Bankruptcy Act of 1978. On December 18, 1981, a notice was issued that a hearing would be held on February 22, 1982 at 1:00 P.M. on the plan and that a confirmation hearing would be held at 3:00 P.M. No notice was given to the creditors of the provision in the plan that is set forth above. On December 24, 1981, Beneficial Finance filed an unsecured proof of claim and they rejected the debtors' plan. There was an adjourned confirmation hearing on March 17, 1982 and as a result of that, the plan was confirmed by an Order dated March 30, 1982. This Order provided in one of the ordering paragraphs that:

3) Except as provided by specific order of this Court, all entities are and continue to be subject to the provisions of 11 U.S.C. 362 insofar as they are stayed or enjoined from commencing or continuing any proceeding or matter against Debtor, as the same is defined by Section 362, and subject to the provision of 11 U.S.C. 1301 insofar as they are stayed or enjoined from commencing or continuing any proceeding or matter against a codebtor, as the same is defined by 1301.

Thereafter, Beneficial Finance Company made a motion pursuant to 11 U.S.C. 1301 for removal of the stay of the action against the co-debtor, Nancy Rolland. The debtors opposed this application on the grounds that included in their Chapter 13 plan was the provision heretofore set forth. They point out that the plan did include the language set forth above, that the Order dated March 30, 1982 confirmed the plan, that on April 8, 1982, 10 days after the entry of the Order, the Order became final and was res adjudicata on all issues including the right of the applicant herein, Beneficial Finance, to seek relief under 11 U.S.C. 1301. They state that under the Code a debtor may propose any plan whose terms are not inconsistant with the Code and they claim that there is no prohibition against the above provisions contained in the debtors' plan.

11 U.S.C. 1301 provides in part as follows:
(a) Except as provided in subsections (b) and (c) of this section, after the order for relief under this chapter, a creditor may not act, or commence or continue any civil action, to collect all or any part of a consumer debt of the debtor from any individual that is liable on such debt with the debtor, or that secured such debt, unless
(1) such individual became liable on or secured such debt in the ordinary course of such individual's business; or
(2) the case is closed, dismissed, or converted to a case under chapter 7 or 11 of this title.

.    .    .    .    .

(c) On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided by subsection (a) of this section with respect to a creditor, to the extent that
(1) as between the debtor and the individual protected under subsection (a) of this section, such individual received the consideration for the claim held by such creditor;
(2) the plan filed by the debtor proposed not to pay such claim; or
(3) such creditor's interest would be irreparably harmed by such stay.

11 U.S.C. 1301 protects the co-debtor during the pendency of the action, unless, the stay is lifted after a notice and hearing. Section 1301 does not indicate by expressed language or by implication that a creditor waives its contractual rights against the co-debtor if relief is not sought. The stay is lifted upon closing, dismissal or conversion of the case including the successful completion of a Chapter 13 plan and discharge which then permits further creditor action against the co-debtor. 11 U.S.C. 350 and 1328. The Legislative History supports the foregoing interpretation. The House Reports note that:

The protection (of the co-debtor stay) is limited, however, to ensure that the creditor involved does not lose the benefit of the bargain he made for a cosigner. He is entitled to full compensation, including any interest, fees, and costs provided for by the agreement under which the debtor obtained his loan. The creditor is simply required to share with other creditors to the extent that the debtor will repay him under the chapter 13 plan. The creditor is delayed, but his substantive rights are not affected.

House Reports No. 95–595, 95th Cong. 1st Sess. (1977) p. 426, U.S.Code Cong. & Admin.News, p. 6381. See H.R.No.95–595, 95th Cong. 1st Sess. (1977) p. 122, U.S.Code Cong. & Admin.News 1978, p. 5787. The Senate Reports similarly hold:

Under the terms of the agreement (contract) with the co-debtor who is not in bankruptcy, the creditor has a right to collect all payments to the extent they are not made by the debtor at the time

they are due. To the extent to which a chapter 13 plan does not propose to pay a creditor his claims, the creditor may obtain relief from the court from the automatic stay and collect such claims from the co-debtor. Conversely, a co-debtor obtains the benefit of any payments made to the creditor under the plan. If a debtor defaults on scheduled payments under the plan, then the co-debtor would be liable for the remaining deficiency otherwise, payments not made under the plan may never be made by the co-debtor. The obligation of the co-debtor to make the creditor which at the time payments are due remains.

Senate Report No. 95–989, 95th Cong. 2nd Sess. (1978) p. 138, U.S.Code Cong. & Admin.News, p. 5924.

It is clear that the intent of section 1301 is to afford temporary protection to the co-debtor when a Chapter 13 proceeding is commenced. This, however, may be removed if the creditor makes appropriate demand on the co-debtor.

In the present case, Beneficial, unless they came in and read the Court's file and the plan therein, had not actual notice that the plan contained the clause set forth, supra, on which the Rollands relied to remove the lien against the co-debtor. Furthermore, this provision of the plan was not discussed at the hearing on confirmation. Neither the trustee or the Court were aware of this provision. Beneficial Finance Company rejected the plan and moved promptly thereafter for relief from the stay to bring the action against the co-debtor. The Order confirming the plan and the third ordering paragraph set forth, supra, preserved the creditors' rights to move under 11 U.S.C. 1301.

The debtor argues that the confirmation of the plan with the provision set forth in it is res adjudicata as between the creditor, Beneficial, and the co-debtor and cites *In re Betts*, 8 B.R. 799 (Bkrtcy.Ohio) and *In re Weaver*, 8 B.R. 803 (Bkrtcy.Ohio). Both of these cases do not go as far as the debtors would have this Court go. Those cases hold that only during the pendency of the plan a creditor is barred from pursuing co-debtors,

when a creditor has consented to the plan and a provision of the plan provides that by accepting the plan or any modification thereof, the creditors cannot pursue co-debtors. These holdings are based on the language in 1322(b)(10) which permits the debtor to include any other appropriate provisions not inconsistent with the title. However, this Court does not agree with Judge Sidman. This Court believes that such a provision as set forth in the debtors' plan, (supra), is inconsistent with 11 U.S.C. 1301.

In addition, on March 5, 1980, this Court held in Donald and Joanne O'Leary (1 CBC 569) that 11 U.S.C. 1301(c)(2) required the lifting of the stay against co-debtor to the extent that the debtor does not propose to pay under the plan and has ruled that way consistently since that time.

In view of the foregoing, the stay is lifted as against Nancy M. Rolland, the co-debtor, to the extent that the debtors, Mark and Joanne Rolland, do not propose to pay the creditor, Beneficial Finance Company, under their Chapter 13 plan or to the extent that they actually do not pay Beneficial Finance Company under their plan and it is so ordered.