In re Angelo D. PIZZULLO and Ethel
L. Pizzullo, Debtors.

COMMONWEALTH OF PA. SCHOOL
EMPLOYES' * RETIREMENT
FUND, Plaintiff,

v.

Angelo Dominick PIZZULLO and
Ethel L. Pizzullo,

and

James O'Connell, Trustee, Defendants.

Bankruptcy No. 81–03868G.
Adv. No. 83–0349G.

United States Bankruptcy Court,
E.D. Pennsylvania.

Oct. 14, 1983.

Irvin B. Fineman, Philadelphia, Pa., for plaintiff, Com. of Pa. School Employees' Retirement Fund.

Jack K. Miller, Philadelphia, Pa., for debtors/defendants, Angelo Dominick Pizzullo and Ethel L. Pizzullo, h/w.

James J. O'Connell, Philadelphia, Pa., Chapter 13 standing trustee.

## OPINION

THOMAS M. TWARDOWSKI, Bankruptcy Judge:

The issue at bench is whether the automatic stay provisions of section 362(a) of the Bankruptcy Code ("the Code") should be modified because the debtors have missed three (3) current mortgage pay-

---

* The caption incorrectly names the plaintiff as "Commonwealth of Pa. School Employes' Retirement Fund." The plaintiff's correct name is "Commonwealth of Pa. School Employees' Fund", and this opinion will refer to the plaintiff by the correct name.

ments due the plaintiff pursuant to the terms of the debtors' confirmed chapter 13 plan; and, in so deciding, whether evidence of the debtors' pre-confirmation payment history with the plaintiff and issues of equity and adequate protection may be considered. Since we conclude that the plaintiff is barred from raising any questions of equity and adequate protection which could have been entertained prior to confirmation of the plan and since we do not find the debtors to be in material default under their confirmed plan, we conclude that sufficient "cause" does not exist to warrant a modification of the stay.

The facts of the instant case are as follows:[1] On September 21, 1981, Angelo and Ethel Pizzullo ("the debtors") filed a petition for relief under chapter 13 of the Code. On August 4, 1982, the Commonwealth of Pennsylvania School Employees Retirement Fund ("the mortgagee") filed a complaint for modification of the automatic stay under section 362 of the Code. That adversary proceeding was settled by stipulation on October 26, 1982. Prior thereto, on January 18, 1982, an order was entered confirming the debtors' chapter 13 plan. Said plan provided that the current mortgage payments owing to the mortgagee would be paid outside the plan. On February 4, 1983, the mortgagee filed a second complaint for modification of the stay under section 362 because the debtors had failed to make three current payments to the mortgagee.

■ The debtors initially contend, we think, that once a chapter 13 plan is confirmed, section 1327 of the Code precludes the filing of a complaint for modification of the stay under section 362(d).[2] The debtors rely on the case of *Associates Commercial*

*Corp. v. Brock (In re Brock),* 6 B.R. 105 (Bkrtcy.N.D.Ill.W.D.1980), wherein the court held:

> Section 1327, therefore, virtually renders a secured creditor provided for in a Confirmed Plan impotent. It would appear that such a creditor's remedies *are limited to a motion to convert or dismiss in the event the debtor defaults in the payments required to be made to the trustee* (emphasis added).

*Id.* at 108.

As a general proposition, we respectfully disagree with the holding in *Brock.* We point out that, under section 362(c) of the Code, the stay imposed by section 362(a) continues in a chapter 13 case until a discharge is granted or denied. *See Citicorp Homeowners, Inc. v. Willey (In re Willey),* 24 B.R. 369, 373 (Bkrtcy.E.D.Mich.S.D.1982). Section 362(c) of the Code provides:

> (c) Except as provided in subsections (d), (e), and (f) of this section—
>
> (1) the stay of an act against property of the estate under subsection (a) of this section continues until such property is no longer property of the estate; and
>
> (2) the stay of any other act under subsection (a) of this section continues until the earliest of—
>
> (A) the time the case is closed;
>
> (B) the time the case is dismissed; and
>
> (C) if the case is a case under chapter 7 of this title concerning an individual or a case under chapter 9, 11, or 13 of this title, the time a discharge is granted or denied.

11 U.S.C. § 362(c) (1979).

Therefore, we conclude that a complaint for modification of the stay under section

---

**1.** This opinion constitutes the findings of fact and conclusions of law required by Bankruptcy Rule 7052 (effective August 1, 1983).

**2.** Section 1327 of the Code provides:

(a) The provisions of a confirmed plan bind the debtor and each creditor, whether or not the claim of such creditor is provided for by the plan, and whether or not such creditor has objected to, has accepted, or has rejected the plan.

(b) Except as otherwise provided in the plan or the order confirming the plan, the confirmation of a plan vests all of the property of the estate in the debtor.

(c) Except as otherwise provided in the plan or in the order confirming the plan, the property vesting in the debtor under subsection (b) of this section is free and clear of any claim or interest of any creditor provided for by the plan.

11 U.S.C. § 1327 (1979).

362(d) may, under certain circumstances, be the appropriate procedural vehicle with which to proceed when a debtor defaults on payments to a secured creditor after the debtors' plan has been confirmed. Consequently, in the case *sub judice,* we do not find the mortgagee's filing of a post-confirmation complaint to be improper, in and of itself.

Section 362(d) of the Code provides:

> (d) On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay—
>
> > (1) for cause, including the lack of adequate protection of an interest in property of such party in interest; or
> >
> > (2) with respect to a stay of an act against property, if—
> >
> > > (A) the debtor does not have an equity in such property; and
> > >
> > > (B) such property is not necessary to an effective reorganization.

11 U.S.C. § 362(d) (1979).

However, we are of the opinion that the debtors' preconfirmation payment history with the mortgagee and the issue of equity and adequate protection are irrelevant to the instant proceeding in light of the fact that the debtors' chapter 13 plan was confirmed on January 18, 1982. As we stated in *Commonwealth of Pennsylvania v. Flick (In re Flick)* 14 B.R. 912, 918 (Bkrtcy.E.D. Pa.1981), "[t]he Order of Confirmation is thus res judicata as to all justiciable issues decided or which could have been decided at the hearing on confirmation." quoting *Ford Motor Credit Company v. Lewis (In re Lewis),* 8 B.R. 132, 137 (Bkrtcy.D.Idaho 1981). And, as the *Lewis* court held, "[t]he only possible legitimate causes of action for relief from the stay after confirmation would relate to matters occurring after confirmation such as failure to receive periodic payments provided for in the plan or that debtor was willfully committing waste or failing to insure, etc." (citation omitted). 8 Bankr. at 137. Therefore, in determining whether the stay should be modified in the instant case, we focus only on post-confirmation events.

At trial of the instant complaint, a representative for the mortgagee testified that the only payments which were delinquent were the December, 1982, January, 1983 and February, 1983, payments (N.T. 3/8/83 at 17). While we recognize that failure to make payments pursuant to a confirmed chapter 13 plan may constitute "cause" to modify the stay,[3] we conclude that the facts of this case do not warrant any such modification. Although the debtors were three months behind in their payments to the mortgagee, we find it dispositive that they did make a pre-trial proffer to the mortgagee which would have cured said delinquency. The mortgagee, however, declined to accept the debtors' offer and proceeded instead to go to trial on the merits of its complaint which established that the debtors were otherwise in compliance with the terms of their confirmed chapter 13 plan. Consequently, since we do not find the debtors to be in material default under their confirmed chapter 13 plan, we conclude that the mortgagee is not entitled to relief from the automatic stay under section 362(d)(1) of the Code.[4]

---

**3.** *See In re Quinlan,* 12 B.R. 516 (Bkrtcy.W.D. Wis.1981). Moreover, § 1307(c)(5) provides that a chapter 13 case may be dismissed or converted to a case under chapter 7 of the Code for "cause", including a "material default by the debtor with respect to a term of a confirmed plan." 11 U.S.C. § 1307(c)(5) (1979).

**4.** As a final consideration, we must address the debtors' counterclaim against the mortgagee for attorneys' fees. The general rule on the subject of counsel fees was expressed by Mr. Justice White in *Alyeska Pipeline Co. v. Wilderness Society,* 421 U.S. 240, 247, 95 S.Ct. 1612, 1616, 44 L.Ed.2d 141 (1975), where he said:

> In the United States, the prevailing litigant is ordinarily not entitled to collect a reasonable attorneys' fee from the loser.

However, where a party has wilfully abused the judicial process, the federal courts have inherent power to assess attorneys' fees against said party. *See Roadway Express, Inc. v. Piper,* 447 U.S. 752, 100 S.Ct. 2455, 65

L.Ed.2d 488 (1980); *Vaughan v. Atkinson,* 369 U.S. 527, 82 S.Ct. 997, 8 L.Ed.2d 88 (1962). Moreover, there is statutory authority for imposing counsel fees on lawyers who abuse the judicial process. 28 U.S.C. § 1927 provides:

Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct.

28 U.S.C. § 1927 (1980).

However, a review of the record in the instant case establishes that the mortgagee's complaint for modification of the stay was neither frivolous nor an abuse of legal process. Consequently, the debtors' counterclaim for attorneys' fees will be dismissed.