In re Donn E. BONANNO, Debtor.

Bankruptcy No. 85–02865G.

United States Bankruptcy Court, E.D. Pennsylvania.

Sept. 22, 1987.

Meyer Simon, Green & Simon, Glenside, Pa., for movants, Augustine Denucci and Frances Denucci.

Jack K. Miller, Philadelphia, Pa., for debtor, Donn E. Bonanno.

Edward Sparkman, Philadelphia, Pa., standing chapter 13 trustee.

## OPINION

BRUCE FOX, Bankruptcy Judge:

Section 1301(a) of the Bankruptcy Code provides that, in certain situations, creditors are stayed from collection efforts against individuals who are not in bankruptcy and who are co-obligors on debts owed by a chapter 13 debtors.[1] Section 1301(c) enumerates three grounds for relief from the stay. The prior Bankruptcy Act contained no provision comparable to section 1301. The issue presented in this case

is whether a creditor may obtain relief from the chapter 13 co-debtor stay pursuant to 11 U.S.C. § 1301(c)(2) after the entry of an unappealed order of confirmation of a chapter 13 plan which contains an express provision barring the creditor from exercising its rights under section 1301(c). For the reasons set forth below, I hold that the creditor in this case is not entitled to relief pursuant to section 1301(c)(2) from the chapter 13 co-debtor stay.[2]

### I.

The debtor, Donn E. Bonnano, filed a bankruptcy petition under chapter 13 on July 12, 1985. Paragraph 9 of his chapter 13 plan provides as follows: "Confirmation of plan bars claimants from proceeding under 11 U.S.C. § 1301(c)." On July 31, 1986, the debtor filed a modified plan which incorporated by reference paragraph 9 of the original plan.[3] On August 6, 1986, the court entered an order confirming the debtor's modified chapter 13 plan.

On April 13, 1987, Augustine Denucci and Frances Denucci ("the movants") filed what they termed a motion for relief from

---

1. 11 U.S.C. § 1301 provides:

   (a) Except as provided in subsections (b) and (c) of this section, after the order for relief under this chapter, a creditor may not act, or commence or continue any civil action, to collect all or any part of a consumer debt of the debtor from any individual that is liable on such debt with the debtor, or that secured such debt, unless—

   (1) such individual became liable on or secured such debt in the ordinary course of such individual's business; or

   (2) the case is closed, dismissed, or converted to a case under chapter 7 or 11 of this title.

   (b) A creditor may present a negotiable instrument, and may give notice of dishonor of such an instrument.

   (c) On request of a party in interest and after notice and hearing, the court shall grant relief from the stay provided by subsection (a) of this section with respect to a creditor, to the extent that—

   (1) as between the debtor and the individual protected under subsection (a) of this section, such individual received the consideration for the claim held by such creditor;

   (2) the plan filed by the debtor proposes not to pay such claim; or

   (3) such creditor's interest would be irreparably harmed by continuation of such stay.

   (d) Twenty days after the filing of a request under subsection (c)(2) of this section for

relief from the stay provided by subsection (a) of this section, such stay is terminated with respect to the party in interest making such request, unless the debtor or any individual that is liable on such debt with the debtor files and serves upon such party in interest a written objection to the taking of the proposed action.

2. This opinion constitutes the court's findings of fact and conclusions of law pursuant to Bankr. Rules 9014 and 7052.

3. The modified plan states as follows:

   Debtor hereby modifies his chapter 13 plan or any previously modified plans only in the following respects and the plan, or modified plan, as previously filed, will be the plan proposed by the debtor with the following exceptions....

   The exceptions later enumerated in the modified plan relate only to the amount of money the debtor proposed to pay the chapter 13 trustee and the treatment of the claim of the Internal Revenue Service. Thus, my reading of the terms of the debtor's original and modified plans leads me to reject the movants' suggestion that the debtor's confirmed plan lacked an express provision barring them from proceeding against the co-debtor.

automatic stay under section 362 of the Bankruptcy Code. The movants alleged the debtor and his wife, Anna Bonnano, are indebted to them in the amount of $2,850.00 plus interest on a personal loan. They further alleged that the debtor's chapter 13 plan provides for a distribution to general unsecured creditors of approximately 42% over a period of 48 months. They requested relief in order to proceed against the debtor's wife for all amounts due them which are not proposed to be paid by the debtor through his chapter 13 plan.

At the hearing held on their motion, the movants refined their legal position somewhat and asserted that because the debtor does not propose to pay their claim in full, they are entitled to relief under 11 U.S.C. § 1301(c)(2).[4] The debtor does not dispute that his plan does not provide for full payment of the movants' claim; however, he argues that confirmation of his plan bars relief from the stay.[5] *See* 11 U.S.C. § 1327(a).[6]

## II.

The policies underlying chapter 13 codebtor stay are well summarized in the legislative history:

> [Section 1301] is designed to protect a debtor operating under a chapter 13 individual repayment plan case by insulating him from indirect pressures from his creditors exerted through friends or relatives that may have cosigned an obligation of the debtor. The protection is limited, however, to ensure that the creditor involved does not lose the benefit of the bargain he made for a cosigner. He

is entitled to full compensation, including any interest, fees, and costs provided for by the agreement under which the debtor obtained his loan. The creditor is simply required to share with other creditors to the extent that the debtor will repay him under the chapter 13 plan. The creditor is delayed, but his substantive rights are not affected.

H.R.Rep. No. 95–595, 95th Cong., 1st Sess. 426 (1977) ("House Report"), U.S.Code Cong. & Admin.News 1978, pp. 5787, 6381. In light of these policies, it is therefore not surprising that the Code further provides that the court can, and perhaps must, grant relief from the stay when the plan does not propose full payment of the debt subject to the provisions of section 1301(a). *See* House Report at 426.

The debtor concedes, as he must, that relief from stay under section 1301(c)(2) would have been mandated had the movants sought relief prior to confirmation. His position is that the movants' right to relief under that section expired when the confirmation order was entered and that, pursuant to 11 U.S.C. § 1307, they are now bound by the terms of paragraph 9 of his confirmed plan. The few courts which have considered whether the confirmation of a plan containing a provision barring collection efforts against a co-debtor precludes relief under section 1301(c)(2) have differed in their conclusions.

The leading case supporting the debtor's position is *In re Betts*, 8 B.R. 799 (Bankr.S. D.Ohio 1981). In *Betts*, the court denied a creditor's section 1301(c)(2) motion on the basis of a confirmed plan containing a pro-

---

**4.** At the hearing, the debtor preliminarily requested dismissal of the motion because it was titled as a motion for relief under section 362 rather than under section 1301. Since there was no prejudice to the debtor, I denied his request and treated the motion as if it had been orally amended to refer to section 1301(c).

**5.** The debtor also argues that even if his plan did not expressly provide that claimants may not exercise their rights under section 1301(c), the confirmation order by itself precludes the relief requested by the movants. *Cf., e.g., In re Pizzulo*, 33 B.R. 740 (Bankr.E.D.Pa.1983) (after entry of confirmation order, only subsequent events may serve as basis for relief from stay

under section 362(d)). *But see In re Laska*, 20 B.R. 675 (Bankr.N.D.Ohio 1982) (in absence of specific plan provision barring relief from the chapter 13 co-debtor stay, creditor who did not object to plan did not forfeit right to relief under section 1301(c)(2)). I do not reach the debtor's alternative argument in this case.

**6.** Section 1327(a) provides:

> The provisions of a confirmed plan bind the debtor and each creditor, whether or not the claim of such creditor is provided for by the plan, and whether or not such creditor has objected to, has accepted, or has rejected the plan.

vision equivalent to that of paragraph 9 of the confirmed plan in the instant case. In its discussion, the court recognized that the provision effectively "broadened" the scope of the chapter 13 co-debtor stay and then considered whether the provision might be ineffective as inconsistent with section 1301(c). *See* 11 U.S.C. § 1322(b)(10).[7] The court held that, given the rehabilitative purposes of chapter 13, there was no inconsistency. Central to the court's reasoning was its recognition that the plan resulted in a mere postponement of and not a total denial of the creditor's rights against the co-debtor. The court also stated that the plan, once confirmed, bound the creditor. *Accord, In re Weaver*, 8 B.R. 803 (Bankr.S. D.Ohio 1981).[8]

In contrast, in *In re Britts*, 18 B.R. 203 (Bankr.N.D.Ohio 1982), the court granted a creditor relief under section 1301(c)(2) notwithstanding the confirmation of a plan which restricted its right to pursue the co-debtor. The court employed the same analytic framework as in *Betts*, focusing on whether the plan provision was permissible under 11 U.S.C. § 1322(b)(10). The *Britts* court reached the opposite conclusion and held that "protection of co-debtors beyond the provisions of Section 1301 of the Bankruptcy Code is inconsistent with the spirit of the Bankruptcy Code, and in particular with the intent of Section 1301." 18 B.R. at 206. The court reasoned that the plan provision improperly extended bankruptcy protection to individuals who have not filed for relief under the Code and contravened Congress' intent, under section 1301, to preserve creditors' substantive rights against co-debtors. The court held that a plan provision which limits a creditor's right to proceed against a co-debtor may bind only a creditor which affirmatively accepts the debtor's plan. The court did not discuss, or even cite, section 1327.

In my view, by focusing on section 1322(b)(10), neither *Betts* nor *Britts*, analyzed the correct issue. The question here is not whether a plan may permissibly contain a provision which expands the scope of section 1301, *see In re Crompton*, 73 B.R. 800, 804 (Bankr.E.D.Pa., 1982) (objection to confirmation of plan which proposed to expand the co-debtor stay sustained), but rather, once a plan containing the potentially objectionable provision has been judicially confirmed, whether the court order binds the creditors.[9] In short, the answer to the question must be found under section 1327(a), not section 1322(b)(10). Or, as one court has put it, "[t]he question boils down to this: Does § 1327(a) mean what it says?" *In re Evans*, 22 B.R. 980, 982 (Bankr.S.D.Cal.1982), *aff'd*, 30 B.R. 530 (9th Cir.Bankr.1983).

As a general rule, the order of confirmation is "res judicata as to all justiciable issues decided or which could have been decided at the hearing on confirmation." *In re Flick*, 14 B.R. 912, 918 (Bankr.E.D. Pa.1981), *quoting In re Lewis*, 8 B.R. 132 (D.Idaho 1981); *accord, e.g., In re Brown*, 76 B.R. 1013 (Bankr.E.D.Pa.1987). In its most straightforward application, section 1327 bars a creditor from relitigating whether the confirmed plan satisfies the requirements of section 1322 and 1325. *See Matter of Gregory*, 705 F.2d 1118 (9th Cir.1983) (creditor may not challenge good faith of debtor's plan, *see* 11 U.S.C. § 1325(a)(3), after confirmation of plan); *In re Hebert*, 61 B.R. 44 (Bankr.W.D.La.1986) (confirmation order bars Internal Revenue

---

7. Section 1322(b)(10) provides that a chapter 13 plan may "include any ... appropriate provision not inconsistent with this title."

8. In *Betts,* the creditor had filed an acceptance of the chapter 13 plan and had lodged no objection to confirmation. In *Weaver,* a decision issued five days after *Betts,* the same court held a comparable plan provision enforceable against a creditor which had not filed an acceptance of the plan and had not objected to the plan. Thus, the result in *Betts* was not dependent on the creditor's affirmative acceptance of the plan prior to confirmation. *See generally Schraer v. G.A.C. Finance Corp.,* 408 F.2d 891 (6th Cir.1969) (under prior Bankruptcy Act, creditors who accepted plan providing for stay of collection efforts against co-debtor are bound by their acceptance).

9. I need not analyze in this case whether the court should deny confirmation of a chapter 13 plan in the absence of any objections from parties in interest. *See generally In re Hines,* 723 F.2d 333 (3d Cir.1983).

Service from asserting that debtor's plan does not comply with section 1322(a)(2)); *In re Risser*, 22 B.R. 868 (Bankr.S.D.Cal.1982) (even though court now recognizes that plan does not comply with section 1322(b)(5), confirmation order is binding and precludes grant of relief from stay). *See also* 11 U.S.C. § 1141; *Republic Supply Co. v. Shoaf*, 815 F.2d 1046 (5th Cir. 1987) (in chapter 11 case, provision of reorganization plan which contained provision releasing guarantors from liability and which was confirmed without objection is res judicata in separate collection action by creditor against the guarantor).[10] As the Ninth Circuit succinctly stated in *Matter of Gregory*:

> [T]he failure to raise [an] objection at the confirmation hearing or to appeal from the order of confirmation should preclude [an] attack on the plan or any provision therein as illegal in a subsequent proceeding."

705 F.2d at 1121.

Courts have also generally held that section 1327 precludes a creditor from obtaining relief from the automatic stay based on pre-confirmation events. "The issues of adequate protection, lack of equity and necessity for a successful rehabilitation of the Chapter 13 debtor were all res judicata as of the confirmation of the plan," even though no time limit is specified in the Code by which creditors must seek relief under section 362(d). *In re Evans*, 30 B.R. 530 (9th Cir.Bankr.1983); *accord, e.g., In re Pizzulo*, 33 B.R. 740 (Bankr.E.D.Pa. 1983); *In re Risser*. These holdings while based primarily on the plain language of section 1327 and principles of finality, also are premised, at least implicitly, on a recognition of the rehabilitative function of chapter 13 and the role the automatic stay plays in the confirmation process. In many chapter 13 cases, the debtor's goal is to provide for his secured creditors, either by curing a prepetition default, *see* 11 U.S.C.

§ 1322(b)(5), or by paying in full the creditor's allowed secured claim, *see* 11 U.S.C. § 1325(a)(5). If the creditor is dissatisfied with the proposed treatment, one remedy available to it in some cases is a motion for relief from stay. The filing of such a motion may itself cause the debtor to modify the plan in order to satisfy the creditor or otherwise provide protection to the creditor sufficient to defeat the motion for relief from stay. After confirmation, particularly if a substantial period of time has passed, the debtor may lack the flexibility to materially modify his plan. Thus a creditor which does not come forward prior to confirmation to voice its dissatisfaction may easily prejudice the debtor's ability to exercise his rights to employ chapter 13 as a means of financial rehabilitation. For this reason, it is fair and consistent with the overall scheme of the Bankruptcy Code to require creditors to assert, prior to confirmation, any grounds they may then have for relief from stay.[11] *See In re Evans*, 22 B.R. at 982; *In re Blair*, 21 B.R. 316 (Bankr.S.D.Cal.1982) (oversecured creditor dissatisfied with interest rate provided on its allowed secured claim by debtor's plan pursuant to section 1325(a)(5) is bound by order of confirmation and is not entitled to relief from stay).

At the same time, the scope of section 1327 is not unlimited. In *In re Simmons*, 765 F.2d 547 (5th Cir.1985), the court rejected the debtor's argument, made in reliance on section 1327, that the confirmation of a plan which mischaracterized a secured creditor's claim as unsecured had the effect of voiding the lien. The court emphasized that, separate and apart from the confirmation process, the Code provides distinct procedures for the allowance and disallowance of claims, *see* 11 U.S.C. § 506. In effect, the court held that these procedures are mandatory and a debtor may not avoid compliance with the express procedures

---

**10.** I do not decide whether the result in *Shoaf* is applicable under chapter 13.

**11.** Consistent with the rationales expressed in the text, courts also recognize that relief from stay may be appropriate after confirmation

based on post-confirmation events. *See e.g., In re Ellis*, 60 B.R. 432 (9th Cir.Bankr.1985); *In re Pizzulo*, 33 B.R. at 742; *In re Lewis*, 8 B.R. at 137.

simply by use of a plan provision.[12] *See also In re McKay*, 732 F.2d 44 (3d Cir.1984) (debtor may not use chapter 13 plan as vehicle for avoiding lien pursuant to section 522(f) where Bankruptcy Rules provide a different procedure).

■ The holdings in the foregoing section 1327 cases are both harmonious and fair. They instruct that if the Code and Rules provide specific mechanisms to be employed when a debtor seeks to modify or determine a creditor's rights, the creditor may safely assume that its rights will be unaffected unless the debtor invokes those procedures. However, upon confirmation, section 1327 will bind a creditor to any plan provision involving matters which may permissibly be resolved through the confirmation process. *E.g.*, 11 U.S.C. § 1322(b)(7). With respect to such plan provisions, a creditor is obliged to check the plan and its failure to object to confirmation will be binding, regardless whether the plan provision could have been the subject of a valid objection at confirmation. *Cf. Neeley v. Murchison*, 815 F.2d 345, 347 (5th Cir.1987) (under section 523 and Bankr. Rule 4007, a creditor with notice of bankruptcy proceedings has a duty to inquire as to deadline for requesting a determination of nondischargeability of a debt). *But see In re Rolland*, 20 B.R. 931 (Bankr.W.D.N.Y. 1982).[13]

■ Based on my review of the cases discussed above, I conclude that paragraph 9 of the debtor's confirmed plan in this case binds the movants and precludes them from invoking section 1301(c)(2) as a basis for relief from the chapter 13 co-debtor stay. For purposes of this analysis, I find the status of an unsecured creditor stayed by section 1301(a) from pursuing a chapter 13 debtor's co-obligor indistinguishable from that of a secured creditor stayed under section 362(a). In both situations, the bankruptcy stay is designed to delay the creditor from employing its legal remedies but does not affect the creditor's substantive rights. After the completion of the plan and the termination of the stay, the creditor may again invoke its legal remedies: the creditor may pursue the debtor's co-obligor or enforce its lien (as applicable) to the extent its claim was not satisfied in the bankruptcy proceeding. Similarly, in both situations, the continuation of the stay is a material variable to the debtor in his formulation of the terms of his plan and therefore, in the confirmation process. *Cf. Neeley v. Murchison*, 815 F.2d at 346–47 (short time limit for requesting determination that debt is nondischargeable facilitates timely formulation of reorganization plan in chapter 11 cases). In essence, based on the rationales which underly the automatic stay cases discussed above, I do not find it unfair to put the burden on an unsecured creditor which desires to proceed against a chapter 13 debtor's co-obligor to assert its rights prior to confirmation when the debtor's plan contains a specific provision barring the exercise of those rights.[14]

**12.** Conversely, another court has held that a creditor may not object to confirmation because the precise amount of its claim has not yet been determined. *In re Minick*, 63 B.R. 440 (Bankr. D.D.C.1986). Section 1327 "does not say and certainly does not mean that something that is not a 'provision of a confirmed plan'—that is, the precise amount of each creditor's claim—is 'binding' when it has not yet been determined." *Id.* at 441.

**13.** This obligation, to review a debtor's proposed plan prior to confirmation, is particularly appropriate in the context of a creditor holding a claim against a co-debtor and relief from the co-debtor stay is sought, as here, pursuant to 11 U.S.C. § 1301(c)(2). This provision permits a creditor to obtain relief from the co-debtor stay upon showing that the chapter 13 plan does not provide for full payment of the creditor's claim.

Since Bankr. Rule 3015 does not obligate a debtor to send a copy of his plan to creditors, a motion brought pursuant to section 1301(c)(2) necessitates that the creditor take affirmative steps to determine the plan's terms as they relate to his claim. Thus, the issue here is not one of notice, as the court asserted in *In re Rolland*, 20 B.R. at 933, but one of timing. I see no justification, given section 1327(a), for allowing such a creditor to review a chapter 13 plan at his leisure. Rather, the review should be undertaken prior to the confirmation hearing.

**14.** I note also that this result is supported by the plain language of section 1301(c)(2) which refers to granting relief when a plan filed by the debtor "proposes not to pay such claim" in full. The use of the phrase "proposes not to pay" suggests that the drafters may have been refer-

**58**

An order consistent with this opinion will be entered.

### ORDER

AND NOW, this 22 day of September, 1987, upon consideration of the motion of Augustine Denucci and Frances Denucci for relief from automatic stay under section 362, the debtor's response thereto and after notice and hearing, it is ORDERED that:

1. The motion shall be treated as one for relief under 11 U.S.C. § 1301(c)(2).

2. The motion is DENIED.

ring to plans which have not yet been confirmed.
I do not decide whether the result would be altered by the pendency of a motion for relief

under section 1301(c)(2) at the time of or the grant of such a motion for relief prior to the confirmation of the plan.