**In re William John PATTERSON, Jr., Amanda Margaret Patterson, Debtors.**

**Bankruptcy No. 2–88–06379.**

United States Bankruptcy Court, S.D. Ohio, E.D.

Nov. 1, 1989.

250) is 19.5% less than its value including the body ($12,750).

William A. Semons, Columbus, Ohio, for debtors.

Frank M. Pees, Chapter 13 Trustee, Worthington, Ohio.

## ORDER FOR RELIEF FROM STAY BY GMAC AND MOTION FOR ALLOWANCE OF ATTORNEY'S FEES BY DEBTOR

DONALD E. CALHOUN, Jr.,
Bankruptcy Judge.

This cause came on for hearing on October 19, 1989 upon the Motion for Relief From Stay or For Adequate Protection filed on behalf of GMAC. The Debtors' Memorandum in Opposition to Motion for Relief From Stay and Motion for Allowance of Attorney's Fees against Movant, and the Memorandum in Contra Motion for Allowance of Attorney's Fees by GMAC. This Court has jurisdiction over this matter pursuant to 28 U.S.C. 1334 and the General Order of Reference in this District. This is a core proceeding under 28 U.S.C. § 157(b)(2).

The facts germane to resolution of this dispute may be summarized as follows: On or about September 29, 1988, the Debtors bought a 1981 Oldsmobile Cutlass, financing the transaction through GMAC. GMAC appropriately filed the necessary documents and its lien was noted on the title to the vehicle. The Debtors filed a Petition for Relief under Chapter 13 of the Bankruptcy Code on December 13, 1988, and contemporaneously filed their Chapter 13 plan. In due course, the Court entered the Order for Meeting of Creditors and served a copy of the Order on all creditors, enclosing a copy of the Debtors' Chapter 13 Plan. The meeting was held on January 18, 1989, and the minutes of the meeting indicate that counsel for GMAC was present. At the meeting, the parties stipulated that the value of the Oldsmobile was $3125.91.

The Debtors' Chapter 13 Plan provides that the Debtors shall pay to the Trustee the sum of $935.83 per month for a period of approximately 38 months, which sum includes a conduit mortgage payment in the amount of $565 due to Fireman's Fund Mortgage Company for the mortgage on the Debtors' residence. Thereafter, the Plan provides that the Trustee shall make disbursements as follows:

(a) Payment in full of all claims entitled to priority under Section 507(a)(1) and Section 1302(e);

(b) After the above payments, payment in full of the amount necessary to cure the Debtors' default on the secured claim of Fireman's Fund Mortgage Company;

(c) After the above payments, payment in full, in deferred cash payments, of the allowed amount of each secured claim with lien retention provided for any allowed secured claim which rejects the Debtor's plan; and

(d) After the above payments, payment in deferred cash payments of 70% of the amount of all allowed unsecured claims.

GMAC filed a claim and rejected the Debtors' Chapter 13 Plan; however, GMAC did not object to confirmation. The Confirmation Hearing was held on February 16, 1989, at which time the Court orally confirmed the Plan. Subsequently, an Order of Confirmation was entered on February 17, 1989. An Amended Order of Confirmation was entered on June 16, 1989 to correct a clerical error in the original Order. The Debtors' Schedules, filed at commencement of the case, reflected that arrears of $2940 were due to Fireman's Fund Mortgage Company at the time of the filing of the case.

GMAC has not received any payments on its claim from the Chapter 13 Trustee, and on September 18, 1989, GMAC filed the Motion for Relief From Stay presently before the Court. GMAC asserts that it lacks adequate protection, to which it is entitled under § 361 and § 362 of the Bankruptcy Code, regardless of the status of the Chapter 13 Plan. The Debtors counter that the Plan, with which the Debtors have fully complied, has been confirmed and provides for payment in full of the claim of GMAC subsequent to payment of the arrearages due the Fireman's Fund. The Debtors further assert that this Motion was filed recklessly, without basis and for the purpose of harassing the Debtors. On this basis, the Debtors seek an award of attorney's fees pursuant to Bankruptcy Rule 9011.

The Court is guided by certain tenets of statutory construction. Where two statutes deal with the same subject matter, they are to be read in pari materia and harmonized when possible. *Jones v. St. Louis—San Francisco Ry. Company*, 728 F.2d 257, 262 (6th Cir.1984); *Matter of Robison*, 665 F.2d 166, 171 (7th Cir.1981). A more specific statute takes precedence over a more general statute. *Busic v. United States of America*, 446 U.S. 398, 100 S.Ct. 1747, 64 L.Ed.2d 381 (1980); *USA v. Olinger*, 759 F.2d 1293 (7th Cir.), *cert. denied*, 474 U.S. 839, 106 S.Ct. 120, 88 L.Ed.2d 98 (1985). Guided by these principles, it is clear that the scheme of Chapter 13 should prevail over the other general provisions of the Bankruptcy Code. *See, Matter of Hackney*, 20 B.R. 158 (Bankr.D. Idaho 1982); *In re Bonanno*, 78 B.R. 52 (Bankr.E.D.Penn.1987).

Section 1327(a) of the Bankruptcy Code provides as follows:

The provisions of a confirmed plan bind the debtor and each creditor, whether or not the claim of such creditor is provided for by the plan and whether or not such creditor has objected to, has accepted, or has rejected the plan.

The applicability of the provisions of § 361 and § 362 are not expressly limited; nevertheless, to allow a secured creditor to come in with demands after confirmation of the plan would eviscerate the effect of any order of confirmation, and prejudice the debtor's ability to exercise his rights to employ Chapter 13 as a means of financial rehabilitation. *In re Bonanno, supra*. An Order confirming the Chapter 13 plan is res judicata as to all justiciable issues which were or could have been decided at the Confirmation hearing. Therefore, if the plan makes provision for payment of the creditor's claim, issues of lack of adequate protection are res judicata as of confirmation of the plan. *Anaheim Savings and Loan Association v. Evans (In re Evans)*, 30 B.R. 530 (9th B.A.P.1983); *In re Moore*,

13 B.R. 914 (Bankr.D.Ore.1981); *Matter of Willey*, 24 B.R. 369 (Bankr.E.D.Mich.1982); *Rhode Island Central Credit Union v. Zimble (In re Zimble)*, 47 B.R. 639 (Bankr. D.Rhode Island 1985); *Hackney, supra.* Only in this way can a Debtor carry out his duties and meet his obligations under a confirmed plan "without fear of having the creditor pull out from under him the very equipment needed to accomplish the plan." *Associates Commercial Corporation v. Brock*, 6 B.R. 105, 106 (Bankr.N.D.Ill.1980).

GMAC cites the case of *In re Little*, Case No. 2–89–1027, decided by this Court on May 24, 1989 in support of its position. However, that case is inapposite and GMAC's reliance is misplaced. In *Little*, GMAC properly and timely filed an objection to a similar Chapter 13 Plan prior to Confirmation, and *Little* was decided in the context of the confirmation of the Debtors' Chapter 13 Plan. This Court denied confirmation of the *Little* Plan for its failure to provide adequate protection to GMAC during the pendency of the Plan. This opinion does not in any way subvert the *Little* decision. Had GMAC filed an Objection to Confirmation in the instant case, it probably would have succeeded. However, it did not, and cannot at this late date attempt to set aside confirmation of the Plan.

GMAC further asserts that the Debtors could later convert this case to a Chapter 7 case or dismiss this case and surrender severely depreciated property to GMAC, while having had the use of that property under Chapter 13 for several months. While this is indeed a possibility, GMAC chose to assume this risk when it failed to take advantage of its opportunity to object to confirmation of the Debtors' Plan. Sufficient information was given by the Plan and the Debtors' Schedules to reveal the effect of the Debtors' proposed Chapter 13 Plan; simple analysis of the information by GMAC would have disclosed the amount and timing of prospective payments flowing to GMAC under the Plan.

 The Debtors seek an award of attorney's fees for their efforts opposing the Motion for Relief From Stay. Under normal circumstances, the Court may be inclined to grant such a Motion. Debtors should not be penalized, in the form of increased legal fees, for the eggregious conduct of overly aggressive creditors. However, in the instant case, GMAC obtained a copy of the Trustee's record of the Debtors' payments during the preceding six months, which reflected that the Debtors were $360 in arrears. Failure to comply with the terms of the Plan constitutes cause for relief from the automatic stay pursuant to § 362(d)(1). The Debtors claimed to be current in their plan payments at the time of the hearing and this was not contested by the Movant. Therefore, while the instant case strains the bounds of Bankruptcy Rule 9011, the Court finds that GMAC conducted sufficient investigation and had sufficient basis for its Motion. In light of the foregoing, it is

Ordered and Adjudged that the Motion for Relief From Stay or For Adequate Protection by GMAC is denied. It is further

Ordered and Adjudged that the Motion for Allowance of Attorney's Fees against Movant filed on behalf of the Debtors is denied.

IT IS SO ORDERED.