**In re James E. BROWN and Jessie R. Brown, Debtors.**

**Bankruptcy No. 3–85–02390.**

United States Bankruptcy Court, S.D. Ohio, W.D.

Oct. 26, 1990.

J. Michael Debbeler, Lerner, Sampson & Rothfuss, Cincinnati, Ohio, for Banc One Mortgage Corp.

Carol E. Greenwald, Troy, Ohio, for debtors.

George W. Ledford, Englewood, Ohio, Chapter 13 Trustee.

## DECISION AND ORDER DENYING MOTION OF BANC ONE MORTGAGE CORPORATION TO REOPEN CASE AND REVISE COURT ORDER

WILLIAM A. CLARK, Bankruptcy Judge.

Before the court is a motion of Banc One Mortgage Corporation entitled "Motion to Reopen Case for Limited Purpose of Revising Court Order and Notice of Opportunity for Objection and Hearing." The court has jurisdiction pursuant to 28 U.S.C. § 1334 and the standing order of reference entered in this district. Because this proceeding questions the extent of dischargeability of the debtors' debts, affects the adjustment of a debtor-creditor relationship, and involves a previous confirmation order of the court, it is a core proceeding under 28 U.S.C. § 157(b)(2)(I), (L), and (O).

### STATEMENT OF FACTS

1) On November 6, 1985, James E. Brown and Jessie R. Brown ("Debtors") filed a petition in bankruptcy under chapter 13 of the Bankruptcy Code;

2) Listed as a creditor in the debtors' schedules was Banc One Mortgage Corporation ("Movant");

3) The debtors listed the mortgage balance owing to Movant as $19,449.85 and as 14 months in default for a total mortgage arrearage of $2,800. Debtors' plan proposed to pay the arrearage in the plan;

4) On March 5, 1986, the court entered an "Order Confirming Chapter 13 Plan";

5) Subsequently, Movant filed a proof of claim which listed the mortgage arrearage of Debtors as $1,873.62;

6) The chapter 13 trustee filed a motion to allow Movant's claim for the mortgage arrearage and, on July 24, 1986, the court ordered that Movant's claim for arrearage be allowed;

7) Debtors proceeded to make payments under the plan and the chapter 13 trustee filed a "Trustee's Final Report and Account" on December 5, 1988 which indicated that Movant had received $1,873.62 (plus $154.67 interest) as arrearage and $7,400 as regular monthly mortgage payments;

8) On December 5, 1988, upon the submission of a "Report of Trustee on Plan Completion," the court signed a "Notice and Order to Banc One Mortgage Corp." which stated:

IT IS ORDERED that the debtors begin to make their real estate mortgage payment to BANC ONE MORTGAGE CORP beginning with the payment due for the month of JANUARY 1989.

IT IS FURTHER ORDERED that BANC ONE MORTGAGE CORP shall show upon its books and records that the debtor has paid all arrearages, interests, costs, expenses and claims set forth in the original and any amended proof of claim filed by BANC ONE MORTGAGE CORP in this case and that the debtors' real estate mortgage is current including the mortgage payment due for the month of DECEMBER 1988, UNLESS within fifteen (15) days BANC ONE MORTGAGE CORP files a written objection to the Trustee's report and a request for a hearing.

A copy of the order, attached to Movant's motion, states that the order was mailed to Movant on December 7, 1988. Movant did not file an objection to the trustee's report;

9) On December 8, 1988, the court entered a "Notice of Plan Completion," and ordered "that if any interested party desires to object to the [trustee's] accounting or to any part thereof they must file a request for hearing and memorandum on or before January 2, 1989 or the estate will be closed and the trustee and the surety on the trustee's bond will be released";

10) In January of 1989, the debtors were granted their discharge in bankruptcy and the debtors' bankruptcy case was closed on January 13, 1989;

11) On January 19, 1990, the movant filed the instant motion, alleging that it had incorrectly completed its proof of claim by stating that the arrearage on the debtors' mortgage was $1,873.62 instead of $2,800, and requesting the court to correct the trustee's report and the court's order.

### CONCLUSIONS OF LAW

At the outset, the court must note a discomfiting problem with this case: although Movant received a copy of the "Notice and Order to Banc One Mortgage Corp.," which was signed by the court on December 5, 1988, that order was never entered of record on this court's docket. Rather than needlessly complicating this decision by delving into the case law regarding the legal effect of undocketed orders, the court will simply treat the order as having no force and effect. In any event, because the court is convinced that the undocketed order merely served to reflect the legal effect of the debtors' completion of their confirmed chapter 13 plan and subsequent discharge, the court regards the undocketed order as administratively desirable, but as constituting legal surplusage.

Here, Debtors proposed to pay their home mortgage arrearage to Movant under their plan and Movant did not object to such treatment prior to confirmation of Debtors' plan. It is axiomatic that once the chapter 13 plan was confirmed Debtors and Movant were bound by the plan's provisions. 11 U.S.C. § 1327(a). Subsequently, by filing a proof of claim, Movant claimed $1,873.62 as the amount of the arrearage due and owing to it. In this court, the chapter 13 trustee does not pay a creditor's claim until a proof of claim has

been filed, i.e. the amount scheduled by a chapter 13 debtor is not utilized by the chapter 13 trustee for distribution purposes.

[C]reditors who want to be recognized and participate in a Chapter 13 case must file a proof of claim in a Chapter 13 case unlike in a Chapter 11 case where holders of nondisputed, noncontingent claims properly scheduled do not. *Matter of Scott,* 67 B.R. 1011, 1013 (Bankr.M.D. Fla.1986).

Accordingly, following the receipt of Movant's proof of claim, the chapter 13 trustee moved the court to allow $1,873.62 as the mortgage arrearage amount to be paid Movant during the administration of Debtors' plan. On July 25, 1986 the court allowed this amount, and at that time Movant became bound to receive $1,873.62 in satisfaction of Debtors' mortgage arrearage. Thus, in this court's view, it is this order that Movant is attempting to modify some 3½ years after its entry.

Weighing against such modification is the fundamental need for final adjustments of the economic relationships between debtors and creditors. Confirmation of a chapter 13 plan and the allowance of claims process enable all parties to achieve the degree of certainty essential to the successful performance of a chapter 13 plan.

[A] trustee must, at some point, be able to ascertain definitively the value of the bankruptcy estate and the extent of claims against it. In approving claims and distributions, trustees and judges should not feel hindered by nagging suspicions that latent claims could materialize at any time prior to a final pro rata distribution to unsecured creditors. Plaintiffs' protests notwithstanding, certainty and finality are legitimate concerns of the bankruptcy court. *Associated Container Transportation (Australia) Ltd. v. Black & Geddes, Inc. (In re Black & Geddes, Inc.),* 58 B.R. 547, 553 (D.S.D.N.Y.1983).

For a chapter 13 plan to be successful and for the debtor to get his fresh start, the debtor and the standing trustee must know, early on, what claims must be paid. *In re Goodwin,* 58 B.R. 75, 77 (Bankr.D.Maine 1986).

[T]o allow a secured creditor to come in with demands after confirmation of the plan would eviscerate the effect of any order of confirmation, and prejudice the debtor's ability to exercise his rights to employ Chapter 13 as a means of financial rehabilitation. *In re Patterson,* 107 B.R. 576, 578 (Bankr.S.D.Ohio 1989).

Nevertheless, had Movant discovered its error during the course of the plan, depending on the facts and circumstances (e.g. the date of discovering the error, prejudice to Debtors and to other creditors), it would have been within this court's discretion to grant or deny an amendment to Movant's proof of claim for the purpose of correcting the Movant's mistake. *In re AM International, Inc.,* 67 B.R. 79, 81 (D.N.D.Ill.1986); *In re White Motor Co.,* 59 B.R. 286, 288 (Bankr.N.D.Ohio 1986); *In re W.T. Grant Co.,* 53 B.R. 417, 420 (Bankr.S.D.N.Y.1985). However, Movant never attempted to amend its proof of claim, and Debtors, who justly relied on their confirmed chapter 13 plan by making the required plan payments until the plan was completed, received a discharge.

More than a year after Debtors' bankruptcy estate was closed, Movant contends that Debtors did not successfully cure their mortgage default. Specifically, Movant relies on § 1328(a) for the proposition that the prepetition arrearage remains due and owing to Movant, despite successful completion of the chapter 13 plan, because a prepetition arrearage for a long-term debt cannot be discharged under the Bankruptcy Code. Section 1328(a) excepts from a chapter 13 discharge any debt "provided for under section 1322(b)(5)" of the Bankruptcy Code. In turn, § 1322(b)(5) provides for the curing of defaults on long term debts.

The fallacy in Movant's reasoning appears to lie in its implicit bifurcation of Debtors' "debt" to Movant into two legally distinct debts. There is no question that for chapter 13 administrative purposes a home mortgage debt is treated "as if" there are two debts: an arrearage claim

and a claim for regular monthly payments. The purpose of the trustee treating a mortgage debt as two claims is simply to avoid confusion in the application of debtors' payments, thereby assuring that chapter 13 debtors are able to "cure" their home mortgages during the course of chapter 13 plans and achieve a paramount goal of chapter 13 debtors—retention of their homes. Legally, however, there is but a single debt, a portion of which was in default at the time Debtors filed their petition in bankruptcy.

The court agrees with Movant that any *unpaid* long-term obligation is not discharged in a chapter 13 case because of the operation of 11 U.S.C. § 1328(a)(1). However, because chapter 13 contains a provision designed to enable chapter 13 debtors to effect a cure of their mortgage defaults, the court does not agree that any portion of this debt remains in a default status following the completion of a chapter 13 plan. In short, the questions of dischargeability of a chapter 13 debt and the payment status of that debt involve two separate issues. The unpaid balance of a long-term debt survives chapter 13 proceedings because of the express provision of § 1328(a)(1), but there is no nondischargeability provision dealing with a separate "arrearage debt."

It is clear to this court that when debtors propose to cure a mortgage default under §° 1325(a)(5) of the Bankruptcy Code, pay the arrearage allowed by the court, and receive a discharge, they emerge from this court current in their mortgage payments. By curing their default, "the event of default is remedied and the consequences are nullified. A state law to the contrary must fall before the Bankruptcy Code." *Di Pierro v. Taddeo (In re Taddeo)*, 685 F.2d 24 (2d Cir.1982). The undocketed order merely evidenced the legal consequences flowing from Debtors' completed chapter 13 plan and discharge. Movant was ordered to "show upon its books and records that the debtor had paid all arrearages, interests, costs and expenses and claims set forth in ... *the proof of claim filed by Banc One Mortgage Corp* in this case and that the debtor's real estate mortgage is

current ..." (emphasis supplied). Significantly, the order did not require Movant to credit Debtors' account with the payment of $2,800 instead of the $1,873.62 actually paid by Debtors. There is nothing to suggest in that order that Movant should be permanently deprived of the overlooked arrearage, but merely that none of the mortgage debt may be regarded as in a default status as of the completion of Debtors' plan. As a result of Movant's incorrect proof of claim, the regularly scheduled mortgage payments will be extended for a slight period beyond the originally anticipated period of repayment. It may be contended that extension of the regular mortgage payment period impermissibly modifies Movant's rights under § 1322(b)(2). That section explicitly prohibits a *plan* from modifying the rights of holders of claims secured only by a security interest in a debtor's principal residence. Here, neither the plan nor Debtors proposed the prohibited modification of Movant's rights; the modification resulted solely from Movant's conduct, which will not now be charged to Debtors. Under § 1322(b)(2), Congress granted a preferred status to those creditors holding claims secured only by a security interest in a debtor's principal residence, *Federal Land Bank of Louisville v. Glenn (In re Glenn)*, 760 F.2d 1428, 1434 (6th Cir.1985), but the court finds nothing in the Bankruptcy Code nor its legislative history preventing such creditors from either unilaterally waiving their preferred status or being found to have forfeited it.

Movant's assertion that it would be inequitable to allow Debtors to continue in possession of the real estate is totally unpersuasive and its contention that it has the current right to use state court remedies against the Debtors' residence is deplorable. What would be plainly inequitable in this case is to require Debtors to rectify the consequences of Movant's conduct more than three years after Movant erred.

For the foregoing reasons it is hereby ORDERED that the motion of Banc One Mortgage Corporation to reopen the within

case for the purpose of modifying a court order is DENIED.

It is further ORDERED that Banc One Mortgage Corporation shall show upon its books and records that Debtors have paid all arrearages, interests, costs, expenses and claims set forth in the proof of claim filed by Banc One Mortgage Corporation and that Debtors' real estate mortgage was not in default as of January 1, 1989.