**In re Donald McCALLA and Carol McCalla, Debtors.**

**Donald McCalla and Carol McCalla, Objectors,**

v.

**Nationsbanc Mortgage Corporation, Claimant/Respondent.**

**Bankruptcy No. 5–97–03886.**

United States Bankruptcy Court, M.D. Pennsylvania, Wilkes–Barre Division.

May 18, 1999.

Philip W. Stock, Stroudsburg, PA, for Debtors.

Leslie J. Carson, Jr., Philadelphia, PA, for Nationsbanc.

Charles DeHart, III, Hummelstown, PA, trustee.

## OPINION

JOHN J. THOMAS, Bankruptcy Judge.

The Debtors, Donald and Carol McCalla, have filed an Objection to a Proof of Claim filed by Nationsbanc Mortgage Corporation. They have alleged that a certain item of the Proof of Claim, i.e., the escrow shortage of $4,590.31, is incorrect. They have requested that the Proof of Claim be disallowed and that the arrearage set forth in Debtors' Chapter 13 Plan, in the amount of $9,095.29, serve as the appropriate amount to be addressed by the Chapter 13 Plan. The Debtors advance that there was no objection to this Plan and it has been confirmed as of August 13, 1998.

A proof of claim is prima facie evidence of the validity and amount of a claim. Federal Rule of Bankruptcy Procedure 3001(f). Furthermore, it is the burden of the objector to come forward with evidence sufficient to rebut the presumption of validity. 9 Lawrence P. King, Collier on Bankruptcy ¶ 3001.10[2] at 3001–25 (15th ed. rev.1996). The Debtors' evidence on this issue has come up short and, as the Court noted at the time of the hearing, they have not successfully rebutted that portion of the claim evidencing the escrow shortage.

The Debtors further intimated that the Bank's proof of claim should be reduced by virtue of the smaller sum being provided it under the confirmed plan. Fortunately, I have heretofore addressed this issue in an earlier opinion.

> The Debtors' reliance on the fact that the proof of claim exceeds the allowance in the plan as cause to reduce the claim is misplaced. While an unsecured creditor must file a claim to be paid under the plan pursuant to Federal Rule of Bankruptcy Procedure 3002(a), the amount of the payment is limited to "[t]he provisions of a confirmed plan [which] bind the debtor and each creditor, whether or not the claim of such creditor is provided for by the plan, and whether or not such creditor has objected to, has accepted, or has rejected the plan." (Emphasis ours.) 11 U.S.C.A. § 1327(a).

*In re LaForgia,* Case No. 5–95–00036, 1998 WL 59480, at *3 (Bankr.M.D.Pa. Jan. 21, 1998)

With regard to mortgage claims, chapter 13 plans are typically utilized to either pay off the entire balance of the mortgage under modified terms pursuant to § 1322(b)(2), typically known as a cramdown, or cure an existing default under § 1322(b)(5). For a discussion of the distinction between the two, the reader's attention is directed to *In re Chappell,* 984 F.2d 775 (7th Cir.1993). The plan before me obviously attempted a cure. Cure plans do not "permanently deprive" a

claimant of their entitlements under the mortgage instrument. Rather, confirmation of the plan remedies it's default status as of the completion of the plan. *In re Brown*, 121 B.R. 768, 771 (Bankr.S.D.Ohio 1990). "When a default on a mortgage or other long term debt is cured under section 1322(b)(5), the full amount of the creditor's claim is not paid during the chapter 13 cases. Rather, the debtor preserves the benefit of a longer payment schedule which extends beyond the due date of the last payment under the plan, and the creditor is protected by the exception to discharge for long term debts on which defaults are cured." Collier at ¶ 1322.09[4] (1998). Cure of the default will not otherwise alter the creditor's rights under the mortgage document. To further support this conclusion, the parties need only look to 11 U.S.C. § 1328(a)(1) which specifies that the chapter 13 discharge does not reach "those debts which the debtor wishes to continue treating as long-term debts." *In re Smith*, 8 B.R. 543, 547 (Bankr.D.Utah 1981).

For these reasons, the objection to the claim of Nationsbanc Mortgage Corporation, formerly known as Banker's Trust Company, is, therefore, overruled and the claim is allowed.

█ By way of further comment, however, at the time of the hearing, the Court's attention was diverted to the fact that the Debtors' Plan committed itself to pay the sum of $9,095.29 and stated "[t]his amount will satisfy the entire arrearage in connection with the mortgage with Banker's Trust Company [predecessor of Nationsbanc Mortgage Corporation] ...." (Chapter 13 Plan filed 1/9/98 (Doc. # 2).) The Court mused as to whether confirmation of the Plan with this language would bar Nationsbanc from demanding a larger arrearage. I note that, typically speaking, the language of the plan is interpreted strictly against the drafter of the plan, the debtor. *In re Duplechain*, 111 B.R. 576, 580 (Bankr.W.D.La.1990), *In re Arrow Air, Inc.*, 101 B.R. 332 (S.D.Fla.1989), *In re Wickersheim*, 107 B.R. 177 (Bankr. E.D.Wis.1989), *In re Wilkins*, 71 B.R. 665, 669 (Bankr.N.D.Ohio 1987). While this issue is interesting, the Court will resist the temptation to determine whether Nationsbanc is now bound to accept the Plan payment in full satisfaction of their Proof of Claim. Such an adjudication would be no more than an advisory opinion deciding no actual controversy between the parties. *Coffin v. Malvern*, 90 F.3d 851, 853 (3rd Cir.1996).

The only issue before the Court is whether the Nationsbanc claim should be allowed. As indicated earlier, it is my conclusion that it should be.